## Town of St. Albans and others *vs.* Jotham Bush.

A Circuit Court of the United States is not a foreign court, nor a court of inferior jurisdiction, and *nil debet* is not a good plea to a judgement rendered by such court.

Where an attorney, without any license or authority, instituted a suit against A in favor of B, and judgement was rendered therein for the defendant to recover his costs, —it was held, in an action brought by A against B on said judgement, that B was bound thereby, and could not plead the want of authority in the attorney.

This was an action of *debt* on a judgement rendered by the circuit court of the United States for the district of Vermont. The defendants pleaded, *firstly, Nul tiel record : secondly,* That at the time of the commencement of the suit in which said judgement was rendered, he was, and ever since has been, an inhabitant of Boylston, in the state of Massachusetts, not subject or amenable to the jurisdiction of said court ; that he never was served with process in said suit, was not notified of it, and had no knowledge of the pendency of the same ; and that he never appeared in the suit to prosecute or defend the same : *thirdly, Nil debet.* The plaintiffs joined issue on the first plea.   To the second plea, they replied as follows :

" And now the said plaintiffs as to the said second plea of the defendant, as above pleaded, say, that they from having and maintaining their aforesaid action thereof against the defendant, ought not to be barred, because, That, although, true it is, that the time of the commencement of the suit in which the said recovery of the judgement mentioned in the plaintiffs' declaration was obtained, and during all the time between the time of the commencement of the said suit and the recovery of the said judgement mentioned in the plaintiff's declaration, the said defendant was an inhabitant and resident of Boylston, in the commonwealth of Massachusetts ; yet the plaintiffs say, that the said suit in which the judgement mentioned in the plaintiffs' declaration, was obtained, as aforesaid, was duly and legally brought and commenced by the said defendant, in his own name, who then was a citizen of said state of

Massachusetts, against the said plaintiffs and one Silas Robinson, <span>FRANKLIN,<br>*January,*<br>1832.</span> late of St. Albans, deceased, who then were citizens of Vermont, returnable before the said circuit court at the term holden at Windsor, within and for the District of Vermont, on the 21st day of <span>St. Albans et al.<br>*vs.*<br>Bush.</span> May, 1827, to recover of the said plaintiffs and the said Silas Robinson the seizin and peaceable possession of a certain tract or parcel of land, lying and being in St. Albans, in the county of Franklin, and State of Vermont, known and described as lot no. 81; and that the said suit was duly entered in said circuit court, at the term last aforesaid, by the said defendant, and by him prosecuted in said court from term to term, until the term of said circuit court, holden at Rutland, within and for said district of Vermont, on the 3d day of October, 1827, at which term the plaintiffs, by the consideration of said court, recovered of the defendant the said judgement mentioned in the said declaration, as by the records of said circuit court will more fully appear; all which the plaintiffs are ready to verify.

To the plea of *nil debet* the plaintiffs demurred.

*Defendant's Rejoinder.*—And now the defendant by his attornies rejoins to the said plaintiffs' replication, and says, that the said plaintiffs ought not, by reason of any thing by the said plaintiffs in said replication alleged, to have and maintain their aforesaid action thereof against said defendant, because he says, that one Cornelius P. Van Ness, formerly of Burlington, in the county of Chittenden, and state of Vermont, without the authority, license, consent, permission or knowledge, of the said defendant, did commence and prosecute said suit in said circuit court in the name of said defendant, against said plaintiffs, and that the said Cornelius P. Van Ness, or any other person, was never, either before or after the commencement of said suit, directed, authorized, licensed, or permitted, by the said defendant, to sue and prosecute said suit in said circuit court in the name of the defendant, against the said plaintiffs; without this, that the said suit, in which the said supposed judgement in the plaintiffs' declaration mentioned, was obtained, was duly and legally brought, and commenced by the said defendant, in his own name, in said circuit court, for the district of Vermont, and was by him, the said defendant, prosecuted in the said circuit court from term to term, or at any other time or term, in manner and form as the same in said replication is alleged; all which he the said defendant is ready to verify.

To this rejoinder the plaintiffs demurred.

The county court rendered judgement for the plaintiffs, and the case was reserved for the opinion of this Court.

*Smalley and Adams, for the defendant.*—I. The first question arising in this case is on the validity of the plea in bar. Is it a bar to the action? The averments therein show a total want of jurisdiction in the court rendering the judgement.

FRANKLIN,
January,
1832.
St. Albans et al.
vs.
Bush.

1. The circuit court, as to a state court, is a foreign court.—It derives its authority from, and is established and supported by, a power independent of any one state. Its judgements cannot be enjoined or revised by the state courts: nor can it enjoin, revise, or in any way disturb the judgements of state courts. This constitutes them, as respects each other, foreign courts.— "A judgement of an unconnected, independent jurisdiction is what the law calls a foreign judgement." If a foreign judgement, it is only prima facie evidence of a debt.—*Baldwin* vs. *Hale*, 17 *Johns.* 272 ; *McKim* vs. *Voorhees*, 7 *Cranch*, 279 ; *Diggs* vs. *Keith*, 4 *Cranch*, 179 ; *Philips* vs. *Hunter*, 2 *H. B.* 402 ; *Walker* vs. *Witter*, 1 *Douglas*, 1, *in notes*.

2. The circuit court is an inferior court of special and limited jurisdiction. Its jurisdiction is limited by the matter in dispute, and restricted to persons of a particular description or local residence.—On general principles, where the judgements or decrees of such a court are submitted to an independent tribunal, the jurisdiction of the court must be established before its judgements can be noticed.—The rule applied to courts of limited jurisdiction, is that every case is presumed to be *without* their jurisdiction till the contrary appears.—*Constitution of U. S. Art.* 3d. *Sec.* 2d ; *Graydon's Digest*, 241 ; 1 *Saunders*, 74, *in notes* ; *Marshalsea case, Coke's Abr.* 300 ; *Godwin* vs. *Gibbons*, 4 *Bur.* 2108 ; *Latham* vs. *Egerton*, 9 *Cowen*, 227.

3. But granting that the judgements of the circuit court are not to be subjected to the common law rules, by which the validity of judgements of inferior courts in the technical sense of the term, are tested ; that the presumption is in favor of jurisdiction in all cases where it has attempted to exercise it ; is this presumption too strong to be repelled ? Is there any peculiarity in the constitution of a circuit court, or in the mode in which it exercises its authority, which shields its judgements from all exceptions ? To say of a court, that it is of special and limited jurisdiction, and has cognisance, not of causes generally, but only of a few specially circumstanced, and yet in all cases where it assumes jurisdiction, the party whose rights are affected by the assumption shall not be permitted to repel it, would be to state an inexplicable enigma. A tribunal of defined and limited forms, with the privilege of assuming whatever it might see fit, would be intolerable, and without precedent in the judiciary of any country. Yet this must be the circuit court, unless its want of jurisdiction in a particular case can be shown by plea. For its judgements cannot be

reversed in the state courts; it cannot be restrained from proceed-
ing by the supreme court of the United States; nor its judge-
ments be there reversed, except in cases where the matter in dis-
pute exceeds two thousand dollars.—*Graydon*, 243, 245. Here
then,is a court of defined and limited jurisdiction, exercising with
impunity unlimited jurisdiction over all persons, whether within
reach of its process or not—a court, the judgements of which,
except in a few specially circumstanced cases, cannot be reversed
on error ; and yet, if this plea cannot avail the defendant, they are
of a character too sacred to be questioned.

4. The maxims, "that nothing can be assigned for error, nor
can any averment be admitted which contradicts a record ;" "a
record imports in itself such incontrovertible credit and verity that
it admits of no averment, plea, or proof to the contrary," are but
idle *truisms* in reference to the question before the court.—9
*Cowen's R.* 227 ; 19 *Johns. R.* 7 ; *Elliott* vs. *Persol et al.* 1
*Peters*, 328–40 ; 15 *Johns.* 121. They import nothing more
than what is expressed in the rule, that a subject once adjudica-
ted upon by a tribunal of competent jurisdiction, can never again
be litigated between the same parties. We do not controvert this
doctrine. The questions are,can the jurisdiction of the circuit court
be inquired into ? Does the plea negative its jurisdiction in the
case under consideration ? We take the affirmative of both these
questions. We insist that a judgement of the circuit court is not of
irresistable validity ; that it may be impeached, its enforcement
resisted, or a title under it defeated,by shewing that the court had
not jurisdiction over the process, the subject matter, or the person.
This proposition rests upon principles universally received and
acknowledged to be obligatory upon all courts. Whenever a
right is claimed in one undefined jurisdiction, by virtue of
the acts of another, the jurisdiction of the court, under which
the right is claimed, is directly put in issue. Thus, courts of ad-
miralty acting *in rem* proceed according to the law of nations,
and their judgements are binding on all the world.—1 *Phil. Evi.*
267 *to* 73 ; 1 *Starkie*, 238. Yet, where a title is asserted under
a decree of a court of admiralty, the question whether it had
jurisdiction is open ; and not only the constitutional power of the
court is examinable,but the state of the thing, to assertain whether
it was in such a situation that the court professing to pass sentence
upon it, could lawfully exercise jurisdiction over it.—*Rose* vs.
*Himley*, 4 *Cranch*, 241. And if the court from its constitu-
tional power had not jurisdiction, or the thing was not in a situa-

FRANKLIN,
January,
1832.

St. Albans et al.
vs.
Bush.

tion to enable it to exercise jurisdiction upon it, the decree condemning it is *coram non judice,* and void.—*Slocum* vs. *Wheeler,* 1 *Conn. R.* 429 ; 19 *Johns.* 7 ; *Rider* vs. *Alexander,* 1 *D. Chip.* 267.

5. The judgements of the circuit court of the United States cannot stand on a better footing than the judgements of state courts. The plea would be a bar to a judgement of one state court when prosecuted in the courts of another.—4 *Cow. Rep.* 292 ; 4 *Conn. Rep.* 380 ; 15 *Johns. Rep.* 121 ; 6 *Pick. Rep.* 232. Questions as to the validity and effect of the judgements of one state court, when sought to be enforced in another, have been variously determined in the courts of the several states of the Union. But the universally received opinion at present, is, that their operation and enforcement may be resisted by plea, shewing the want of jurisdiction of the court in the particular case.—6 *Conn. Rep.* 508 ; 1 *Caines,* 461 ; 9 *Mass.* 462, *and cases already cited ; also,* 9 *East,* 192 ; 1 *Term Rep.* 32 or 55. The governing principle of all the cases both in England and this country is, that a party can never be bound by the judgement of a court when he has had no opportunity to be heard in his defence. Can any satisfactory reason be assigned why this principle should be abrogated as to judgements of the circuit court ?

6. If it be urged that the defendant, in the introduction to his traverse of the replication, admits that one C. P. Van Ness commenced and prosecuted the suit in the circuit court, how can it avail the plaintiffs ? It is not admitted that this Van Ness had authority to commence or prosecute the suit : on the contrary, it is expressly denied him. Neither is it admitted that he was an *attorney* of the circuit court. The record of that court is not a part of the record before this court. It is not then easy to comprehend how this admission can have any bearing upon the questions in this case.

7. A judgement obtained by fraud or imposition is void.—*Fermor's case,* 3 *Co.* 78. Fraud vitiates all acts. " But although such sentences [judicial] are conclusive, and cannot be impeached from *within,* yet like all other acts of the highest judicial authority, they are impeachable from without."—1 *Philip's Ev.* 261 ; 1 *Starkie,* 253. Fraud is an extrinsic collateral act, which vitiates all judicial acts whether ecclesiastical or temporal.

II. The plea of *nil debet* is a proper *general issue* in this case.

1. *Nul tiel record* is the proper *general issue only* in those cases, where the party merely denies the existence of the record set forth, and where the identity of the record declared on with the

one offered in proof, must be determined by the court, on inspec-
tion of the original record, or of its tenor brought in by *mittimus*
or *certiorari.* *Com. Dig.* *Plead.* 2 *W* 13 ; 1 *Chitty,* 481,
537.

2. The rule that *nul tiel record* is the only proper general is-
sue to debt on judgement, would be absurd, if applied to records
of courts of limited jurisdiction. The principle of the rule is said
to be, that the binding force of the instrument declared on must
determine what the plea shall be. But neither the Court nor the
pleader can judge whether the instrument—if it be the judgement
of a court of limited jurisdiction—is binding or not, till it is produ-
ced. If when produced it appears that the court rendering the
judgement had not jurisdiction, the judgement is a nullity. Hence
the case must be tried, before any general issue could safely be
found.

3. The circuit court is a foreign court.—17 *Johns.* 272 ; 2
*H. B.* 402 ; 9 *East,* 192.

4. The plea of *nil debet* on judgement of one state court, when
sought to be enforced in the courts of another, is sanctioned by a
series of decisions from the organization of the confederation to
this time.—*Bartlet* vs. *Knight,* 1 *Mass.* 491 ; *Bissel* vs. *Briggs,*
9 *Mass.* 462 ; 6 *Pick.* 232 ; 1 *Caines' Rep.* 461 ; *Kilburn* vs.
*Woodworth,* 5 *Johns.* 37 ; *Taylor* vs. *Bryden,* 8 *Johns.* 133 ;
*Fenton* vs. *Garlick,* 8 *Johns.* 150 ; 15 *Johns.* 121 ; 12 *Mass.* 25.
It is a convenient general issue founded on an intelligible princi-
ple, and ought not to be departed from without substantial reason.
The case of *Mills* vs. *Durkee* is the only case which seems to
bear against the validity of such plea. But that case, properly
understood, is not calculated to shake the authority of the previous
cases.

*Smith and Aldis, for the plaintiffs.*—It is contended that the
plea of *nil debet* and plea in bar can not be pleaded with that of
*nul tiel record.* The defendant having pleaded *nul tiel record,*
and an issue having been taken on said plea, and found for the
plaintiffs, the court are bound to reject the other pleas as altogeth-
er inconsistent with the issue, and judgement of the court thereon.
The plaintiffs set forth in their declaration a good and valid judge-
ment, duly and legally recovered before the circuit court, against
the defendant, and *such* a judgement the county court have, on *in-
spection* of the *record,* (of which a profert was made in the decla-
ration,) found was duly and legally rendered by the circuit court.

FRANKLIN,
January,
1832.

St. Albans et al.
vs.
Bush.

The legal consequence of this finding of the county court on the issues of fact is, that the plaintiffs recovered of the defendant their debt, damages and costs.   This judgement can not in the least be affected or controlled by any judgement of this court on the issue of law, as this Court have no power to review or set aside the judgement of the county court on the issue, whether there was or was not such a record as is set forth in the plaintiffs' declaration. —2 *N. Y. Dig.* 707 ; *Coleman's cas.* 35.—But should this Court consider that the other pleas of the defendant are properly before them, then it is contended by the plaintiffs, that when the record is the foundation of the action, as in this case, and not merely inducement, the plea of *nil debet* is insufficient ; and in this case it is immaterial whether the judgement of the circuit court be regarded as a domestic judgement, or as standing on the footing of the judgement of a sister state.—1 *Chit. P.* 480 ; 11 *Johns. Rep.* 474 ; 8 *Johns. Rep.* 82 ; 1 *East,* 373 ; 7 *Cranch,* 481 ; 3 *Wheat.* 234.

Again ; it is contended that the defence set up in the plea in bar of the defendant, and the rejoinder to the plaintiffs' replication, do not constitute a legal and admissible defence to this action, inasmuch as it tends to impeach collaterally the validity of the judgement of a court having jurisdiction of the subject matter of the suit in which the judgement was recovered, and also of the parties to that suit.   It is a well settled maxim of law, that no averment can be made in pleading against the validity of the record : and the relief or remedy in this case is by some direct application to vacate, or set aside, the judgement which is the foundation of the suit.—1 *Chip. Rep.* 383 ; *Cowp.* 315 ; 3 *Term Rep,* 125 ; 2 *B. & P.* 391 ; 12 *East,* 75 ; 16 *East,* 21 ; 1 *Chit. Plead.* 353, 480 ; 8 *Johns. Rep.* 61 ; 2 *Vt. Rep.* 263 ; 12 *Mass. Rep.* 268.

The judgement of the circuit court of the United States must be treated by this Court to all intents and purposes as a domestic judgement : but, to say the least, it must be placed on the footing of a judgement rendered by a court of a sister state.   In all cases when the courts of another state have jurisdiction of the *subject matter,* and of the parties, their judgements are to be regarded, as to their legal effect, as a domestic judgement.—*Constitution of U. S.* 4 *Art. Sec.* 1 ; 2 *Laws U. S.* 102–3, *(ed. 1815;)* 7 *Cranch Rep.* 481 ; 3 *Wheat.* 234 ; 2 *Dall.* 302 ; 9 *Mass. Rep.* 452 ; 1 *Starkie,* 215, *note ;* 1 *Pet. Rep.* 155 ; 2 *Vt. Rep.* 263.   It is further contended, that as plaintiffs in

their declaration make a profer of the records and proceedings of FRANKLIN;
*January*,
1832.

St. Albans et al.
*vs.*
Bush. the circuit court, this record must be treated as constituting a part of the pleadings in this case.  From this it appears that the defendant appeared in said circuit court, by his attorney, C. P. Van Ness, and prosecuted the action in favour of the defendant, against the plaintiffs in this suit; consequently the defendant is precluded from alleging in their suit, that the said C. P. Van Ness was not authorized to prosecute the suit in said circuit court in his behalf, inasmuch as the record imports *absolute verity.* 1 *Pet. Rep.* 155; 1 *Starkie,* 215, *note;* 2 *Vt. Rep.* 269.

Again; when an attorney enters an appearance, either to prosecute or to defend a suit, without the knowledge or consent of the party, and even when the party has no notice—a judgement rendered under such circumstances, is absolutely binding on the party, and the court will not, even on application for such a cause, set aside the judgement: the party enjoined must seek his remedy on the attorney, or by an application to the court for a new trial. —*Tyler's Rep.* 304; 2 *Vt. Rep.* 263; 8 *Johns.* 298; 1 *Binny's Rep.* 214, 469; 1 *Salk.* 89, 86; *Com. Dig. Atty. (B)* 7; 6 *Johns.* 296; 7 *Pick. Rep.* 137.

*The opinion of the Court was pronounced by*

HUTCHINSON, C. J.—This is an action of *debt* upon a judgement recovered before the circuit court of the United States, for the Vermont district, for the costs of a suit to which the plaintiffs and one Silas Robinson, since deceased,were parties.  The declaration contains no averment whether the present plaintiffs were plaintiffs or defendants in that suit, except the strong implication, that they were defendants, by their recovering a judgement for costs only.  The defendant pleaded several pleas in the county court: 1st. *Nul tiel record.*  This was found against him. 2d. *Nil debet,* concluding to the country.  To this the plaintiffs demurred; and the county court decided this plea to be bad.  3d. The defendant in his third plea set up in bar, that at the time when the action in the circuit court was commenced, &c., he lived at Boylston,in Massachusetts, and was resident there,and was not in the state of Vermont, and had no notice of the suit, and no writ was served on him in said suit, &c.  This third plea must of course have been a nullity, if the plaintiffs had averred in their declaration, that the judgement declared upon was rendered in an action brought against them by this defendant.  The want of such an averment has driven the plaintiffs to a special replication; in which they set

9

FRANKLIN,
January,
1832.
St. Albans et al.
vs.
Bush.
forth in substance, that the action in the circuit court, in which they recovered their judgement, was an action of ejectment, brought by this defendant against them, for a lot of land in St. Albans; and they add all the averments of citizenship of different states, &c. which show, conclusively, that the circuit court had jurisdiction of the action; and then proceed and affirm, that the defendant entered and prosecuted said suit, &c., till they recovered their said judgement for costs, as in said declaration is set forth; adding also, " as by the records of said circuit court will more fully appear ;" and conclude with a verification.

To this the defendant rejoins, that one Cornelius P. Van Ness, without the authority, license, consent, permission or knowledge, of this defendant, did commence and prosecute said suit in the name of this defendant; but was never authorized so to do, either before or after the bringing of said action; *absque hoc*, that the said suit, &c., was brought and prosecuted in said circuit court by him, this defendant, as set forth in said replication; and this he is ready to verify, and prays judgement, &c.

To this rejoinder the plaintiffs put in a general demurrer. And the county court adjudged this rejoinder to be bad. And the defendant filed exceptions to these decisions of the county court, upon the demurrers, and has brought the case up in the way pointed out by statute; and he comes now into this Court as a plaintiff in a writ of error.

Mr. H. Adams, in a laboured argument for the defendant, adducing many cases as authorities, endeavoured to support the positions, that, as to a state court, the circuit court of the United States is a foreign court; that it is an inferior court, of special and limited jurisdiction; that their judgements are void when they have no jurisdiction of the cause, and that the record does not estop the defendant from showing by plea, that which shows that the court had no jurisdiction. From all which positions he inferred, that *nil debet*, concluding to the country, was a good plea to this action; also, that the facts set forth in his rejoinder are good and sufficient to show this defendant not bound by this judgement; and further that the traverse in his rejoinder met the gist of the plaintiff's replication. We have felt no disposition to hear the plaintiff's counsel upon a case so plain. Indeed, the defendant's counsel might have saved themselves considerable labor, by examining two decisions of this Court, reported in the second volume of *Vermont Reports, Hoxie* vs. *Wright, page* 263, and *Bellows et al.* vs. *Ingham, page* 575. Soon after the establishment of

FRANKLIN,
*January,*
1832.

St. Albans et al.
*vs.*
Bush.

the constitution of the United States, there were decisions in Massachusetts and New-York, which treated judgements of the courts of the neighboring states as foreign judgements, and admitted defendant to impeach them, and inquire into the original merits. But those decisions have long since been overruled, and, we believe, are no where treated as law. The first time the subject was investigated by *Judge Parsons,* that doctrine was overruled. It never was adopted in this state. If the debtor in the judgement was not an inhabitant of the state in which the judgement was rendered, and never submitted to the jurisdiction of the court rendering the judgement, and never appeared in the action, either by himself or attorney, he is not bound by the judgement, when sued upon it in another state : but he may plead specially that which shows that the court which rendered the judgement, had him not so before them as to have jurisdiction over him ; and thereby avoid its *prima facie* force over him. But if the court, rendering the judgement, had no jurisdiction over the subject matter, when this is made to appear, the judgement is of no force any where. In such a case, we should treat one of our own judgements as a nullity.

Should we treat the circuit court as we would treat the courts of a neighboring state, (and their seems no reason to treat them as of less power, or as entitled to less respect,) they are not foreign courts in the sense the defendant contends for.

It seems rather singular to hear the circuit courts spoken of as of inferior jurisdiction, when they have jurisdiction over all the most important controversies in the nation, that arise between others than citizens of the same state. They are inferior to the Supreme Court of the United States, but to no other courts. They are courts of limited jurisdiction, it is true ; not limited to trifling matters, but to those great questions, which may arise between citizens of different states, and some other cases, where it was supposed jealousies might exist, if the creditor was confined to the courts of the state in which his debtor resided. But, within those limits, they have as uncontrolled jurisdiction, as any courts whatever, both at law and in chancery.

But the effort to establish this doctrine in this case could avail nothing, even if the doctrine were correct. For the replication has averred all those matters, which show that the circuit court had jurisdiction to render the judgement now in controversy ; and which shows the defendant to have chosen his own jurisdiction, and called the present plaintiffs before that court as defen-

FRANKLIN,
January,
1832.

St.Albans et al.
vs.
Bush.

dants, and that they appeared and made a successful defence. But the defendant further contends, that the new matter introduced into his rejoinder, that the suit was brought by one Van Ness, without the knowledge or consent of him, the defendant, absolves this defendant from the force of this judgement. We decided otherwise in the case of *Tichout* vs. *Cilley*, in Chittenden county.* We there decided, that, so far as related to the bill of costs, recovered against the plaintiff, he was at all events liable to the defendants ; that his liability is so fully established by the record, that it can not be controverted in the collection of the bill of cost. But it might be otherwise with regard to any thing done under the execution, like taking the property of some third person on the execution. But it would not be very direct justice to drive these plaintiffs to prove, by evidence *aliunde*, that the present defendant, the then plaintiff, brought his own action.

The defendant further contends, that his rejoinder traverses the most important part of the replication. If it were so, it only traverses the very fact established by the record, and the very fact established for the plaintiffs, on the plea of *nul tiel record*. Moreover, this averment in the rejoinder under the *absque hoc*, was not to be treated as a traverse. The new matter, introduced by the defendant into his rejoinder, was the only matter to be met by the plaintiffs. The defendant concluded his rejoinder with a verification, and the plaintiffs might either traverse this new matter as false, or demur to the rejoinder as immaterial. He chose the latter. And we consider the rejoinder clearly insufficient.

What is already observed leads to the necessary result, that *nil debet* is not a good plea to this judgement. It was to carry before the jury the verity of the record, in a case where the record is in law absolute verity, and only to be tried by the inspection of the Court.

The judgement of the county court is affirmed.

* See 3 *Vt. Rep.* 415.