## MADISON SCOTT *v.* EDWARD LARKIN.

In actions, *ex contractu*, one defendant may defend for all.   In such case if
one defendant and the plaintiff agree to the continuance, and the justice
enter the cause continued, without going to the place appointed for trial,
neither party can avoid the proceedings by *audita querela*.

AUDITA QUERELA, to set aside a judgment rendered on
the 13th day of September, 1838, by Danforth Wales, Esq.,
a justice of the peace, and an execution issued thereon, in
favor of Edward Larkin against the complainant, Scott, and
one Griffin, wherein the complainant alleged that he had been
unjustly deprived of his day in court.

Plea, not guilty.   Issue to the court.

On the trial in the county court, the plaintiff gave in evi-
dence the record of the proceedings and judgment in the
suit of Larkin *v.* Scott and Griffin, and the execution issued
thereon.   The writ was made returnable at the house of
Wm. B. Parker, in Westford, on the 17th day of July, 1838,
and the suit was continued, from time to time, to the 13th
of September, 1838, when the judgment complained of was
rendered by default.

It further appeared, from the testimony, that said justice,
Wales, did not appear on the third day of September, 1838,
at the house of said Parker, to which time and place the suit

had been previously continued, for the purpose of calling and continuing said suit, or rendering judgment therein, and said justice was not at the dwelling-house of the said Parker, on the said third day of September, after nine o'clock, A. M.; but, in the early part of the morning of that day, the said justice continued said cause at his own dwelling-house, none of the parties being present, to the 13th of the same month, at one o'clock, P. M. ; that the said justice, on the morning of the third day of September, before the continuance, saw W. Hoxsie, the attorney for the plaintiff, and Griffin, one of the defendants, and they consented that the said justice might continue the cause, as he wished to go out of town that day.   There was no evidence of any consent on the part of Scott.  But it did appear that Scott was, afterwards, in the course of the same day, told by Griffin that the cause had been continued.

It also appeared that the parties appeared before the said justice, on the 17th day of August, 1838, and had a hearing, and that the justice continued the cause for advisement, until the 20th day of August, when it was again continued to the third day of September, at the request of Scott, for further advisement.

It further appeared, that Scott was, on the 3d of September, 1838, at and about the house of Parker a considerable portion of the day, and said he had a court there and was ready to attend to it, and inquired of the said Parker if the suit had been called.

Upon these facts the county court rendered judgment for the complainant in this suit, to which decision the defendant excepted.

*J. Maeck,* argued for the defendant.

*A. G. Whittemore,* for plaintiff.

I. That the absence of the justice from the place of trial on the 3d day of September, 1838, operated as a discontinuance of the suit, as to Scott, at least, if not as to both the defendants, is well established by the case of *Brown* v. *Stacy,* 9 Vt. R. 118.

II. The plaintiff denies that Griffin had any power to make any agreement, touching the conduct of the cause, binding upon Scott, as Griffin was neither his agent nor attorney.

By the statute of 1835, Larkin could have taken judgment against Griffin alone, if the action had been discontinued as to Scott, or, at least, he might, under that statute, have cited Scott, and brought his name upon the record again; and the case might have been continued from the 13th September for that purpose. But, not having done so, he must take his judgment at his peril.

III. But if the court should believe that one defendant might have made an agreement, in court, to continue the cause, binding on the other defendant, yet, it is contended that no such agreement, made out of court, in the absence of Scott, can be binding upon him. It would be dangerous, indeed, to allow such agreements to affect any but the parties to them.

IV. If the judgment is void as to Scott, and good as to Griffin, it is in the power of the court to render judgment in the *audita querela* to that effect.

The opinion of the court was delivered by

REDFIELD, J.—The writ of *audita querela*, at common law, lies only to relieve the party on the ground of some matter happening after the judgment, and which he had no opportunity to plead. *Turner* v. *Davies*, 2 Saund. R. 148, n. (1.) *Corbett* v. *Barnes*, Cro. Car. 443. That remedy has been, in the American states, and especially in this state, somewhat extended. But no case is found where it has been extended to a case like the present. And there are no such circumstances of hardship or injustice apparent here, as would seem to call upon the court to innovate upon long established principles.

This is but an ordinary case. One defendant, in an action, *ex contractu*, is permitted by the court to defend for his co-defendants. At common law, and by our practice, except under the late statute, each defendant in actions *ex contractu*, must defend for all. He may, in the absence of instructions to the contrary, employ counsel, enter appearance, plead and defend fully for all. And even where one defendant is defaulted, if the other defendants succeed in their defence, judgment must be arrested on the default. And, although the late statute enabled the courts in this state, in actions *ex contractu*, to render judgment against part of the

defendants, this did not, in other respects, alter the relation of the defendants. And we think the court, in the present case, was justified in continuing the case on the agreement of the plaintiff and one of the defendants; that this agreement will bind the other defendant, and that he cannot sustain *audita querela,* to reverse the judgment for what was done by his implied consent. That would be to invite the party to lie by, and suffer judgment by default, and then take advantage of his own indolence, if not his own wrong.

Judgment reversed and new trial granted.