### LEBBEUS BENNETT AND OTHERS *v.* JOSIAH STICKNEY.

A general appearance, entered, by the defendants in a suit, upon the docket of the court, and submitting to the jurisdiction of the court, by pleading to the merits of the suit, is a waiver of any defect of service, which might have been taken advantage of by pleading.

When a suit is commenced against a firm, one of the partners has power to employ an attorney to attend to the suit on the part of the defendants; and an appearance in the suit, entered by the attorney thus employed, will be binding and conclusive upon the other partners.

AUDITA QUERELA, brought to set aside a judgment rendered against the plaintiffs and one Harvey Tilden. The case was submitted to the court upon the following statement of facts, agreed to by the parties.

The writ in the suit in favor of Stickney against the present plaintiffs and said Tilden was never served on any of the plaintiffs. The plaintiffs and Tilden were partners in trade, and Tilden, who was the active partner, acknowledged service, in behalf of himself and the other partners, by signing, on the back of the writ, a certificate that the same had been legally served,—which certificate he signed as " agent." The said suit was entered in court at the

Bennett et al. v. Stickney.

April Term of Washington county court, 1843, at which term Tilden employed J. L. Buck, an attorney, to review said cause; and said Buck entered a general appearance, upon the docket of the court, for the defendants, and judgment was rendered in favor of Stickney, and a review was entered. It did not appear that the plaintiffs, in this suit had any notice of that suit, until after said April Term, 1843, except as above stated. At the November Term of said county court, 1843, said Buck requested to have his name erased from the docket, for the reason that he had ascertained that no notice had been given to the other defendants, besides Tilden, and that they denied the right of Tilden to acknowledge service for them. The attorneys of Stickney, objected to said erasure, and the court rendered judgment against all the defendants in the suit.

Upon these facts the county court decided that *audita querela* could not be sustained, and rendered judgment in favor of the defendant; to which decision the plaintiffs excepted.

*J. L. Buck*, for plaintiffs, cited *Smilie* v. *Reynolds et al.*, 1 Vt. 148.

*Th. & H. H. Reed*, for defendant, to the point that a general appearance for the defendants by attorney, in an action, covers all defects of service, cited 1 Tidd's Pr. 434; 3 Bl. Com. 287 n.; 3 Cranch 496; 1 Chit. Rep. 129; 21 Maine Rep. 38; and, to the point, that it makes no difference that such appearance is entered without the knowledge, or consent, of all the parties, cited 1 Salk. 86, 88; 1 Binn. 214; 3 Dallas 331; 7 Pick. 138; 6 Johns. 34, 296; 7 Johns. 539; *Coit et al* v. *Sheldon*, 1 Tyl. 300; *Sheldon* v. *Kelseys*, Brayt. 26.

The opinion of the court was delivered by

HEBARD, J. The plaintiffs and one Tilden were partners. The defendant sued out his writ against the firm; and Tilden, who was the *active* partner, accepted service on the same for himself and the rest. The writ was in no other way served. Tilden employed counsel, who appeared generally in the case, and submitted to a judgment, and entered a review. At the next term of the court the

attorney withdrew his appearance, and the defendants in that suit, who are the plaintiffs in this suit were defaulted ;—and that is the judgment sought to be vacated by this proceeding.

This subject has received its share of the attention of the court on the present circuit; and two cases have been considered, which embrace all that is involved in this case.   The two branches of the inquiry in this case involve the question, how far an appearance, which is general, and submitting to the jurisdiction of the court, is to be regarded as a waiver of any defect of service, that might have been taken advantage of by pleading ;—and also an inquiry, in relation to the authority of one partner to appear for all, and to employ an attorney, whose appearance shall be binding and conclusive.

The case of *Spalding et al.* v. *Swift*, decided on the present circuit, in Addison county, was where a suit was instituted against a firm; one of the partners lived out of the State ; a single copy was left with the partner living in the State, and he employed an attorney,—as in this case,—and the absent partner was held bound by the employment and acts of the attorney.   The other case referred to is that of *Newcomb et al.* v. *Peck et al.*, reported *ante*, page 302. These two cases are fully decisive of the one under consideration.

Judgment affirmed.