AARON SPAULDING, ANDREW RUTHERFORD AND URIAH F. ARNOLD
*v.* EDWARD SWIFT.

Where a suit was commenced against a person not a resident of this State, and he had no notice of the suit, and the suit being entered in court, an attorney, not employed by the defendant, entered an appearance for him, and judgment was rendered against him without proof of notice and without giving a bond to repay to the defendant such sum as might be recovered by him on writ of review, it was held that *audita querela* was not the proper remedy for the defendant.

A plea, in such case, is not double, because it alleges, that the former writ was legally served upon the plaintiff in the *audita querela* and that he appeared and answered to the suit by attorney. REDFIELD, J., *in note.*

Spaulding et al. *v.* Swift.

AUDITA QUERELA. The complainants alleged, in substance, that the defendant, on the first day of June, 1842, sued out a writ against them upon a promissory note, which note purported to be signed by A. Rutherford, Aaron Spaulding & Co. and Uriah F. Arnold, and that service of said writ was made, as appeared from the officer's return by attaching certain cloth, as the property of Rutherford and Aaron Spaulding & Co., and by delivering to one M. S. Dorrance, clerk of said Aaron Spaulding & Co., true and attested copies of the writ and officer's return thereon, and by making legal service on Uriah F. Arnold; and that the said suit was duly entered in court, and judgment therein was rendered in favor of the defendant, Swift, and that he had taken execution thereon and was about to levy the same. And the complainants averred, that, though Spaulding and Rutherford were, at the date of the note to Swift, partners in business at Middlebury, under the firm of Aaron Spaulding & Co., yet that the signiture of A. Spaulding & Co. was placed to the note by Rutherford, without the knowledge or consent of Spaulding, and not on account of the partnership business, but in payment of a debt due from Rutherford alone, and that this was known to Swift, and that Spaulding had never recognized the note as a partnership debt. The complainants farther averred, that Aaron Spaulding was not, at the time of the service of the said writ, a resident of this State, and that one Joel Spaulding, of Middlebury, was his authorized agent, and known as such to Swift, and that Dorrance, with whom the copies were left, at the time of the attachment, was not the agent of Spaulding, nor, at that time, the clerk, or agent, of Aaron Spaulding & Co.; that the officer making the attachment left but one copy of the writ for A. Spaulding & Co.; that neither Aaron Spaulding, nor his agent, Joel Spaulding, had any notice whatever of the suit, prior to the rendition of the judgment above mentioned; and that no person, having any lawful authority, appeared for Aaron Spaulding in said suit.

The defendant, in his first plea in bar, averred, in substance, that the note was executed by Rutherford with the knowledge and consent of Spaulding; that, at the time service was made of the writ in his favor, Dorrance was the clerk and agent of Aaron Spaulding & Co.; and that, after said suit was duly entered in court, the complainants appeared by their attorney, Edward D. Barber, and gave

judgment and reviewed, and that, at the next succeeding term of the court, final judgment was obtained against them, by the consent of their said attorney.

The defendant also pleaded a second plea in bar, in which he averred, that, after the suit in his favor was entered in the county court, the complainants appeared by their attorney, Edward D. Barber, and that, by consent of their attorney, judgment was rendered in favor of Swift, and that a review was thereupon entered by the complainants, by their attorney, and that, at the next succeeding term of the county court, by consent of the attorney for the complainants, final judgment was rendered against them.

To the first plea in bar the plaintiff demurred specially, assigning for cause, that the plea was double, containing several distinct grounds of defence to the complaint, leading to distinct issues. To the second plea in bar the plaintiffs replied, that Edward D. Barber was not employed to appear in the second suit by Aaron Spaulding, nor with his knowledge, or consent. To this replication the defendant demurred.

The county court adjudged the first plea in bar and the replication to the second plea in bar insufficient. Exceptions by plaintiffs.

*E. D. Barber* for plaintiffs.

1. The defendant's first plea in bar is ill for duplicity. Gould's Pl. 420, 421, 427.

2. The replication to the second plea in bar is sufficient. The declaration sets forth facts, upon which *audita querela* can be maintained. COLLAMER, J., in *Finney v. Hill*, 13 Vt. 258. *Marvin v. Wilkins*, 1 Aik. 107. *Smilie v. Runnels et al.*, 1 Vt. 148. The question then arises, does the appearance of the other defendants in the former suit bind Spaulding? or had they any power to appear for him? We contend not. The case of *Scott v. Larkin*, 13 Vt. 112, was where Scott was notified of the former suit, and was regularly made a defendant. In this case the very ground of complaint is, that Spaulding was not regularly made a party to the suit.

But the principal question in the case is, did the appearance of the attorney, without the authority or knowledge of Spaulding, conclude him? That he so appeared is admitted by the demurrer. In this proceeding, which is brought to vacate the judgment in the only

Spaulding et al. *v.* Swift.

manner which would be effectual to save the rights of Spaulding, we insist that the record is not conclusive upon him by reason of such appearance. Indeed, the presumption is, that the attorney appeared only for those who had been notified. *Aldrich* v. *Finney*, 4 Conn. 380. *Brewer* v. *Holmes*, 1 Metc. 288. *Hall* v. *Williams*, 6 Pick. 232. *Rider* v. *Alexander et al.*, 1 D. Ch. 267. *Robson* v. *Eaton*, 1 T. R. 62. Ohio R. 656. Com. Dig., Attorney 7. Bac. Abr., Attorney C. 6 Johns. 312, 318. *Denton* v. *Noyes*, 6 Johns. 263. PRENTISS, Ch. J., in *Hoxie* v. *Wright*, 2 Vt. 263. The cases in England and New York, relied upon by the defendant, grew out of a practice entirely different from any that has prevailed in this State,—the courts requiring, in England, especially, at the time those decisions were made, a warrant of attorney, executed by the party, to be filed.

The case of *St. Albans* v. *Bush*, 4 Vt. 58, relied upon by the defendant, was an action of debt on judgment; and an attempt was made to impeach the judgment collaterally. But when the proceeding is commenced directly to vacate the judgment, matter affecting its validity and regularity may be averred and proved. *Hoxie* v. *Wright*, 2 Vt. 263. *Bissell* v. *Briggs*, 9 Mass. 462. *Borden* v. *Fitch*, 15 Johns. 121. The case of *Tichout* v. *Cilley*, 3 Vt. 415, cited by HUTCHINSON, J., in *St. Albans* v. *Bush*, does by no means establish the doctrine, which that learned judge intimates, and he must have spoken of the case from recollection, as it was not reported at the time of the decision in *St. Albans* v. *Bush*.

A writ of error would not lie in this case; because, upon the face of the proceedings, as they would have been certified to this court, there could be·no error assigned. *Arthurton et al.* v. *Durkee*, 2 D. Ch. 20.

———— for defendant.

The opinion of the court was delivered by

REDFIELD, J. The service was so far defective, in this case, that the writ might well have been abated, if the defect had been properly urged. If a writ is served upon a person, who is not a resident of this State, by attaching property and leaving a copy with a third person, as the agent of the defendant, the fact of agency may be put in issue by a proper plea. But if there is no appearance, and no notice is proved, bonds must be given for a review of the action,

Spaulding et al. *v.* Swift.

under the statute, or the judgment may be set aside upon *audita querela.* *Marvin v. Wilkins,* 1 Aik. 107. But if there is a legal appearance, and no plea in abatement is interposed, on account of the defect of service, until after a continuance, or after the general issue is pleaded, it must be considered as waived. *Staniford v. Barry,* 1 Aik. 321. So that the question here properly arises, whether the appearance of the attorney in this case is to be considered as curing the defect in the service and obviating the necessity of bonds for a review of the action.

The service in this case is such, that it cannot be treated as a nullity, and so render the judgment void. The defect in the case of *Gilman v. Thompson,* 11 Vt. 643, was much greater than in the present case, and still the judgment was held valid. We come, then, to the naked question of the appearance of an attorney in a case,—not what shall be the effect of the acts of the attorney of record, who is properly employed by the parties; for, upon that question, there can be little doubt, that they must bind the parties. And even an appearance by an attorney, employed by one of two or more joint contractors, defendants, will bind all. *Scott v. Larkin,* 13 Vt. 112.

But what is the effect of the appearance, merely? In practice in this State, certainly, the appearance of an attorney in court for one or the other of the parties has always been considered a matter, which could not be traversed on the trial of the suit. The attorney acts at his peril, and makes himself liable to the party, for whom he appears, for any default, or want of authority, and to the court, also, for any misconduct. These safeguards have always been found sufficient. But doubtless in some way the party affected by a judgment, collusively obtained by the fraudulent instrumentality of an attorney, whether the attorney acted willingly, or as a dupe, may obtain relief. But we think it should be by application to the court, upon petition, or motion, and possibly by writ of error for error in fact, rather than by *audita querela.* This question is in effect decided by the case of *St. Albans v. Bush,* 4 Vt. 58.

Judgment affirmed.

NOTE, by REDFIELD, J. There is, no doubt, great looseness in the practice of our courts, in regard to the appearance and withdrawal of the attornies of parties litigant. This is done, here, without any application to the court

in form, or in fact. But in the English practice the party cannot change his attorney, except upon application to the court. *Rolfe* v. *Johnson,* 46 E. C. L. 757, and notes. See, also, *Mac Pherson* v. *Rorison,* Dougl. 217; *Kay* v. *De Mattos,* 2 Bl. 1323. *Ginders* v. *Moore,* 8 E. C. L. 174. It would seem, too, that every appearance of an attorney, in the English practice, is by a formal warrant, which becomes matter of record. These warrants of attorney are very important instruments in the administration of justice, in the English courts, and are regulated by acts of Parliament; so that the appearance of an attorney, in a court of record, is a matter, which can there only be effected by the party himself,— unless it be done through the instrumentality of forgery, and perjury also, perhaps. But these strong precautions are, perhaps, more *likely to exist, where there is the greatest necessity for them ; so that they are like great national and personal reformations,* which, while they are in truth *commendable,* are not equally *creditable,* inasmuch as they do, by contrast, at least, remind us of that which *needed* reformation. So that, although one is quite conscious, that the readiness, with which an attorney's name is entered upon the dockets of our courts, must afford great facilities for fraud and imposition, the consideration, that so few complaints of any abuse in that respect are heard, speaks well for the profession here. Warrants of attorney, in England, to confess judgment seem to have been most abused there, as they are most liable to be. The statute 1 & 2 Victoria, c. 110, sect. 9, provides, that no such warrant of attorney " *shall be of any force,* unless there be present some attorney of one of the superior courts, on behalf of such person, [the one giving the power,] expressly named by him, and attending at his request, to inform him of the nature and effect of such warrant, or *cognovit.*"

But whatever may be the difference in the practice of the English courts and those of this State, the *effect* is the same. In both courts the appearance is *matter of record,* and, as such, is in effect the act of the court, as much as any other portion of the adjudication. It is upon that ground only, I apprehend, that the record of a judgment in another State, when it is shown by the record that the defendant did appear by attorney, is conclusive, and cannot be denied by plea. *Newcomb* v. *Peck,* 17 Vt. 302.

If, then, the appearance by attorney is as much a portion of the adjudication as any other part of it, and, as such, the act of the court, it is very obvious, that the process of *audita querela* has no natural fitness for the correction of any error, which may have intervened. At common law this process only extended to remedy matters, which had occurred subsequently to the rendition of the judgment, and which the party had had no opportunity of pleading. In this State it has been somewhat extended; but it has been expressly decided, that it does not extend to remedy a wrongful *refusal* of the appearance of an attorney; *Sutton* v. *Tyrrell,* 10 Vt. 87; and it would be almost absurd, to suppose that it could reach an error precisely the converse, and which *must* come under the same rule of decision.

In what has been said in regard to this case, it has been treated, as if the appearance in the former case had been without the employment *of any of the*

*defendants*, (and so the pleadings, I think, present this case,) although the case has been argued, by the defendants, in some sense as if the employment were by one of the defendants in behalf of all,—which is the fact, doubtless. If the case appeared in this latter form upon the pleadings, it would be clearly with the present defendant upon another ground, as was held in *Bennett* v. *Stickney*, 17 Vt. 531. But the plea merely alleges an appearance, but no employment, by any one, of an attorney. This is, I think, the proper mode of pleading; it is the *appearance*, that is the *gist* of the plea, and that appearing of record, it is immaterial to this proceeding ʲhow it came about; it is conclusive, until vacated by some proper process.

We have said nothing about duplicity in the plea, because we think it is not sufficiently set forth, in the special causes of demurrer, wherein the alleged duplicity consists; nor do we think there is any duplicity,—it being proper to allege a *legal service* and an *appearance* in the same plea. The service, of itself, would not be sufficient; for without notice, or appearance, bonds must have been given, or *audita querela* will lie. Indeed, all that goes before the *appearance* may well be treated as inducement, but wholly unnecessary.