JOSIAH ABBOTT & CO. v. BENJAMIN F. DUTTON.

*Audita Querela. Appearance by Attorney. Practice. Accepting Service of Process by Partner.*

The appearance by an attorney binds the party for whom he appears, whether the attorney was employed by the party or not. And if a party has any remedy for the unauthorized appearance of an attorney, other than his remedy against the attorney, it is by application to the court that rendered the judgment, or by writ of error, and not by *audita querela.*

One co-defendant may employ an attorney for the other co-defendant, and the appearance of such an attorney for all will bind all.

AUDITA QUERELA. Plea, the general issue. Trial by jury, December term, 1871, BARRETT, J., presiding.

The plaintiffs gave evidence tending to prove all the material facts alleged in the declaration, and rested.

The defendant then proved, by Mr. Collamer, that he was attorney of the defendants in the suit named in said declaration, when it was pending in the county court, and appeared and answered to the same at said December term, 1870, when said judgment was rendered, and by arrangement with attorneys of the plaintiffs in said suit consented to having said judgment rendered in said

suit, and it was rendered in pursuance of said consent.  The presiding judge remembered and stated on the trial, after the testimony of Mr. Collamer had been given, that the judgment was rendered by the consent given in open court of Mr. Collamer, as above stated, to which Mr. Collamer, while on the stand, assented. Mr. Collamer, after having given his testimony in chief, from which the above facts were found, stated, in answer to a question by Mr. Paul for plaintiffs, that he only appeared for Mr. Barron in said suit when judgment was rendered as aforesaid ; did n't know as he knew Mr. Abbott.

Mr. Collamer, at said December term, 1870, did not intimate or profess that he appeared only for Mr. Barron, but he answered to the case and took part in what was done in it ostensibly as attorney for the defendants in that case—the same being the plaintiffs in this—and the court understood it accordingly.

The declaration is as follows :

That heretofore, to wit: on the 11th day of March, A. D. 1870, said Benjamin F. Dutton of Boston, aforesaid, commenced a suit at law against the said Josiah Abbott of Stewartstown, in the county of Coos, and state of New Hampshire, and the said Asa T. Barron of Hartford, county of Windsor, aforesaid, declaring against them severally in assumpsit in the general counts, claiming as damages the sum of one hundred and ninety dollars, which said writ was signed by Luther Pease, a justice of the peace within and for said county of Windsor, and made returnable before him at the office of S. E. & S. M. Pingree, in said Hartford, on the third Saturday of April, A. D. 1870, at nine o'clock in the forenoon.  Said Barron and Abbott were not described or set up in said writ as partners, and no service of the same was ever made on said Abbott and Barron as individuals or partners.  Said Barron accepted service of said writ, but said Abbott did not, and had no legal notice that any such suit was pending against him, so as to give him an opportunity to appear and defend said suit.  After the issuing of said writ and before the return day of the same, the plaintiff served a citation on said Barron, one of the defendants aforesaid, but not on said Abbott, the other defendant, to take the depositions of witnesses in said Boston, to be used in said suit ; the names of said witnesses are unknown to your complainants. Said Barron notified the plaintiff's attorneys, the Messrs. Pingree, that he did not dispute the claim, and that they need not take any depositions in the suit.  This notice was given three or four days

before the time appointed for the taking of said depositions, but the plaintiff's attorneys aforesaid did not give any heed to said notice, but proceeded to take the depositions, and in taking them incurred great cost and expense, to wit: twenty dollars.

At the trial of said suit before the justice Luther Pease, the defendant Barron appeared and made a tender to the plaintiff in said suit, or his said attorneys, for the sum of one hundred and fifty-five dollars, a sum sufficient to cover all claims the said Dutton had against the said Barron and Abbott, together with all the interest and cost that had accrued on the said debt, except the cost of taking the depositions aforesaid in Boston as aforesaid, and the magistrate at said trial did not render any judgment at said trial, nor pass upon the sufficiency of the tender, or upon the question of costs, as the plaintiff gave judgment for the defendants in said suit for their costs, without giving the magistrate an opportunity to pass upon either of said questions, but claimed an appeal to the county court, next to be held at Woodstock, within and for said county of Windsor, on the fourth Tuesday of May, A. D. 1870, which said appeal was duly entered in said Windsor county court, at said May term, 1870, and said suit was continued to the December term of said Windsor county court, when the said Dutton obtained judgment against said Asa T. Barron and said Josiah Abbott for the sum of one cent damages, and the further sum of thirty-five dollars and sixty cents costs, as appears by the docket and taxation of the clerk of said Windsor county court; and the said Asa T. Barron and Josiah Abbott, partners, under the name and style of J. Abbott & Co., as aforesaid, further say that during the December term of said court the said Asa T. Barron, one of the defendants, was sick, and unable to attend court, and unable to see his counsel and give him the necessary information in regard to the condition of said suit, or the facts appertaining to the same, and had not informed his said counsel, William Collamer, Esq., that a tender had been made and that the same had been accepted by said Dutton, or his said attorneys, nor of any of the principal facts relating to said suit, by reason of which the said judgment was erroneously and unjustly obtained against said Barron and Abbott. And afterwards, on the 19th day of December, A. D. 1870, the said Dutton obtained from said Windsor county court an execution for the sum of one cent damages, and the further sum of thirty-one dollars and ninety-six cents cost, and the same was duly signed by George B. French, clerk of Windsor county court, which execution the said Dutton put into the hands of David Wright, constable for the town of Hartford, in said Windsor county, directing him to collect and levy the same on the

property of said Asa T. Barron, and the said Wright now has said execution, and as constable aforesaid is demanding the amount of said judgment, of said Barron, and threatens to levy the same on the property of said Barron, if the same is not immediately paid.

And the plaintiff also alleged that said execution was wrongfully, oppressively and unjustly issued, for reasons which were set forth in the declaration.

The court directed a verdict for the defendant, to which plaintiff excepted.

*Norman Paul*, for the plaintiffs.

The manner in which process shall be served on parties is clearly pointed out in the statutes, and unless the statutory provisions are strictly complied with in making the service, the whole subsequent proceedings are defective and will be vacated by a writ of *audita querela*.   Whenever a judgment has been fraudulently obtained, as in the case at bar, where the defendant, Abbott, had no opportunity to appear and defend, and when execution has unjustly issued through fraud, the whole proceedings will be vacated by a writ of *audita querela*.   *Staniford* v. *Barry, Administratrix*, 1 Aiken, 321 ; *Dodge* v. *Hubbell*, 1 Vt., 491 ; *Stone* v. *Seaver*, 5 Vt., 549 ; *Barrett* v. *Vaughan*, 6 Vt., 243 ; *Hadlock* v. *Clement*, 12 N. H., 68 ; *Lovejoy* v. *Webber*, 10 Mass., 101.

The rendering of the judgment without personal notice to Abbott, and the issuing of the execution on said judgment, without giving a bond, or entering into a recognizance for a writ of review, was irregular, and the whole proceedings should be set aside. Mr. Barron could not bind Abbott, or in any manner prejudice his rights, by his acts or agreements in regard to the suit ; a defendant has no right to employ counsel, or to enter an appearance for a co-defendant, without express authority.   *Marvin* v. *Wilkins*, 1 Aiken, 107 ; *Whitney & Titus* v. *Silver*, 22 Vt., 634 ; *Johnson* v. *Murphy*, 42 Vt., 645.

The appearance in court to answer to a suit, either in person, or by attorney, is a matter of record, and unless the records show an appearance, parol proof is admissible to show for whom an attorney answered.   In suits where there are two defendants, one of whom appears, the other, having no notice of the pendency of

any suit against him, does not appear, the latter should not have his rights abridged by the acts of the former, when the attorney himself swears he only appeared for one. *Blood* v. *Crandall*, 28 Vt., 396; *Spaulding et al.* v. *Swift*, 18 Vt., 214; *Kidder* v. *Hadley*, 25 Vt., 544; *Newcomb & Brown* v. *Peck & Pomroy*, 17 Vt., 302.

The tender made by Barron of an amount sufficient to cover the entire claim and cost that had then accrued, as a tender at law might not be good, as the same was coupled with a condition; but when the same was made with the express understanding that if accepted it must be in full payment of the debt and costs, and was accepted *with that understanding*, it was a payment of the claim and a perfect bar to any farther proceedings on the part of the plaintiff in that suit; and when the attorney, who it is claimed assented to the rendering of the judgment, was ignorant that such a tender had been made, and when judgment was obtained in the manner set forth in the exceptions, it is so far fraudulent that the proceedings should be set aside by a writ of *audita querela*. *McGlinn* v. *Billings*, 16 Vt., 329; *Cole* v. *Champlain Transportation Co.*, 26 Vt., 87; *McDaniels* v. *Bank of Rutland et als.*, 29 Vt., 230; *Preston* v. *Grant*, 34 Vt., 201; *Towsley* v. *Healey*, 39 Vt., 522.

The plaintiff, Dutton, in the justice suit, having appealed from the decision of the justice to the county court, and in that court recovered only nominal damages, has taken execution for the sum of 31.96, his entire costs. The whole proceedings were a direct violation of the statute, and are a sufficient reason for sustaining this *audita querela*. General Statutes, ch. 125, §§ 18 and 20.

The power of an attorney is confined to the prosecution of a suit, and he has no authority to compromise a suit without express authority from his client. *Vail* v. *Conant, Adm'r*, 15 Vt., 314; *Paddock* v. *Colby & Newcomb*, 18 Vt., 485.

*S. E. & S. M. Pingree*, for the defendant.

The opinion of the court was delivered by

Ross, J. An appearance by an attorney binds the party for whom he appears, whether the attorney was employed by the party

or not. *St. Albans* v. *Bush*, 4 Vt., 58 ; *Spaulding et al.* v. *Swift*, 18 Vt., 214 ; *Newcomb et al.* v. *Peck et al.*, 17 Vt., 302.

If the party has any remedy for the unauthorized appearance of an attorney, other than his remedy against the attorney, it is by application directly to the court which rendered the judgment against him on the unauthorized appearance of the attorney, or by a writ of error, and not by *audita querela*. *Spaulding et al.* v. *Swift*, 18 Vt., 214.

One co-defendant may employ an attorney for the other co-defendants, and the appearance by such an attorney for all will bind all. *Scott* v. *Larkin*, 13 Vt., 112 ; *Spaulding et al.* v. *Swift*, 18 Vt., 214 ; *Whitney & Titus* v. *Silver*, 22 Vt., 634. In the last case the court restrict the authority of a co-defendant to employ an attorney for the other co-defendants to a case where the other co-defendants have been duly served with process, and are before the court.

From an inspection of the copies of appeal in the case complained of, it appears to be there certified that the plaintiffs in this suit, the defendants in that suit, accepted service on the writ in that suit, appeared by their counsel on the occasion of the first continuance ; appeared and requested the second continuance, and appeared at the time the justice rendered judgment in their favor, from which the plaintiff in that suit, defendant in this, appealed. In addition to these appearances the county court have found that Mr. Collamer appeared for the defendants in that suit, and consented in open court that the very judgment might be rendered against them, of which they now complain.

By the consent of the counsel on both sides, this court was allowed to inspect the docket entry of that case for the May term, 1870, and find there recorded a general appearance of another attorney for the defendants, which appearance was continued to the December term, when the judgment complained of was rendered. Mr. Collamer's name does not appear to have been entered upon the docket as the attorney of the defendants in that case. We do not decide whether his appearance for the defendants generally, and consent that judgment should pass against them, is any the less binding because he did not enter his name upon the

docket entry of the case.  Being a well known attorney of the court, we are unable to see upon what principle the failure to enter his name for the defendants should make his acts any the less binding.  The decision of this case does not render it necessary to decide that question, as there was a general appearance of an attorney before the justice and in the county court.  The authorities first cited, show conclusively that such an appearance waived any want of service on the defendant Abbott, and rendered that judgment valid and binding upon both Abbott and Brown ; at least, so far so, that it cannot be set aside by *audita querela.*

Judgment of the county court is affirmed.