EVERETT v. WARNER BANK.

The remedy of a party against whom a judgment has been recovered without notice, upon the unauthorized appearance in his behalf of a regular attorney, of pecuniary responsibility, is by proceeding against the attorney for redress for any damages he may have suffered; and equity will not restrain the enforcement of such judgment by injunction.

BILL IN EQUITY, for an injunction to restrain the enforcement of a judgment. The bill alleges that suit was brought by the defendants against the plaintiff and one C., as late partners of the firm of Jonathan H. Clement & Co.; that there was no service of the writ upon the plaintiff; that he never authorized counsel to appear for him in the action; that he had no notice of the commencement or pendency of the suit; that the action was entered at the October Term, 1866, of the Supreme Judicial Court; that a general appearance was entered by attorneys for Clement & Co., and the action continued from term to term until April Term, 1868, when judgment was rendered on default against said firm; that the defendants had no cause of action against the plaintiff, and that the judgment is wholly wrong and unjust.

. The answer admits the allegations of the bill, and alleges that the attorneys who appeared for Clement & Co. were and are responsible.

The cause being heard on the bill and answer, the court ordered the bill dismissed, and the plaintiff excepted.

*Mugridge*, for the plaintiff, cited Freeman on Judgments, *s.* 499; Bigelow on Estoppels 206; *Wiley* v. *Pratt*, 23 Ind. 628; *Ridge* v. *Alter*, 14 La. An. 866; *Harshey* v. *Blackmarr*, 20 Iowa 161; *Shelton* v. *Tiffin*, 6 How. 164; *Hall* v. *Lanning*, 91 U. S. 160; *Knowles* v. *Gas-Light Co.*, 19 Wall. 58; *Thompson* v. *Whitman*, 18 Wall. 457; *Watson* v. *Bank*, 4 Met. 343; *Bodurtha* v. *Goodrich*, 3 Gray 508; *Dennison* v. *Hyde*, 6 Conn. 508; *Shumway* v. *Stillman*, 6 Wend. 447; *Rape* v. *Heaton*, 9 Wis. 328; *Kerr* v. *Kerr*, 41 N. Y. 272; *Reed* v. *Pratt*, 2 Hill 64.

*Rolfe*, for the defendants.

CLARK, J. *Bunton* v. *Lyford*, 37 N. H. 512, and *Smyth* v. *Balch*, 40 N. H. 363, sustain the ruling of the court dismissing the bill in this case. The rule, that an unauthorized appearance of a responsible attorney is valid and binding upon the party for whom the appearance is made, has been recognized and adopted in this state, and we are inclined to regard the question as settled, upon the authority of those cases. In affirming *Bunton* v. *Lyford* and *Smyth* v. *Balch*, we are

not unmindful of the fact that the weight of authority in the American courts at the present time seems to be against the doctrine of those cases. The rule is not in harmony with the general law of agency, for the reason that the legal presumption as to the authority of an attorney differs from that of other agents. The appearance of a regular, responsible attorney of the court is presumed to be authorized by the party for whom he appears, and if his authority is questioned, his own declaration is ordinarily sufficient proof of his author ity. *Bank* v. *Fellows*, 28 N. H. 302. Therefore, the opposite party is guilty of no negligence in relying upon the appearance of the attorney as authorized, and is entitled to reasonable protection against such damages as he might suffer, if the appearance, which the law presumes to be by authority, was held void. On the other hand, the party for whom the unauthorized appearance is made is also entitled to reasonable protection. To hold the unauthorized appearance void in all cases would not give reasonable protection to the party against whom the appearance is made. To hold it valid in all cases would not give reasonable protection to the party for whom it is made. If it is held void, the attorney would be liable to the party against whom he appeared. If it is held valid, he would be liable to the party for whom he assumed to appear. Why should one party, rather than the other, be compelled to seek his remedy against the attorney?

It may be suggested whether there is not greater danger of injustice being done by parties falsely denying the authority of attorneys to appear for them, than is to be apprehended from unauthorized appearances by attorneys; and, if the danger of a false denial of authority is vastly greater than the danger of an unauthorized appearance, whether justice and sound policy do not require that when the attorney is responsible, the party for whom he appeared, rather than the other party, should be put to his action against the attorney.

The rule as adopted in this state has always been distinctly recognized as an exception founded on the general ideas of justice and policy entertained by the court in this particular class of cases. We are not aware that any great injustice has resulted from it, and we are not now inclined to disturb it. A similar rule is adopted in Vermont. *Abbott & Co.* v. *Dutton*, 44 Vt. 546; *St. Albans* v. *Bush*, 4 Vt. 58; *Spaulding* v. *Swift*, 18 Vt. 214; *Newcomb* v. *Peck*, 17 Vt. 302.

<em>Exceptions overruled.</em>

STANLEY, J., did not sit.