BAKER, Appellant, v. O'RIORDAN, Respondent.*

No. 7784; May 8, 1883.

Trial—Inconsistent Findings as Basis for Judgment.—If in an action to set aside a decree in distribution the court, after finding that the defendant procured the decree without notice to the plaintiff and without any appearance or knowledge on his part, finds that a named person "assumed to represent plaintiff at said hearing and making of said decree of distribution," and finds again that plaintiff was not represented at the hearing, the findings are too contradictory to base a judgment upon.

Words and Phrases—"Assumed to Represent."—When it is said that a person assumed to represent another, the meaning is that he took upon himself to represent that other and did not represent him; in which case it cannot be said that the other was not represented.

APPEAL from Superior Court, San Francisco.

H. J. Tilden and P. C. Coogan for appellant; J. C. Bates for respondent.

THORNTON, J.—This action was brought to set aside a decree of the probate court, on the ground that it was procured by defendant herein without notice to the plaintiff, and without any appearance or knowledge on his part, and that it was based on false testimony.

The court below finds as above set forth, and in addition finds as follows:

"That one F. J. Castlehun assumed to represent the plaintiff at said hearing and making of said decree of distribution, but that he was never employed by the plaintiff for that or for any purpose, and that he had no power or authority whatever to appear for or represent the plaintiff therein, and that the plaintiff had no knowledge that he had so appeared until long after the decree of distribution had been made, to wit, January, 1880."

"That the plaintiff from 1871 has not resided or been in this state, and that he never received or had any notice of the petition for the distribution of said estate, nor of any of the proceedings of said probate court in relation to said estate

*For subsequent opinion in bank, see 65 Cal. 368, 4 Pac. 232.

until January, 1880, and that at the hearing of said petition this plaintiff was not represented, and no evidence whatever was introduced on behalf of the plaintiff, and his claim to said real estate was not presented and considered by said court. And he never heard or had notice that the defendant claimed that he had conveyed his interest therein to her until January, 1880, when he first learned of said decree of distribution.''

These findings are contradictory. In the finding first above quoted, it is found that Castlehun "assumed to represent the plaintiff at the hearing and making of said decree of distribution." When it is said a party assumes to represent the plaintiff, the meaning, in our judgment, is, that he took upon himself to represent the plaintiff, and did represent him. It cannot, then, be said that plaintiff was not represented (Denton v. Noyes, 6 Johns. (N. Y.) 296, 5 Am. Dec. 237; Brown v. Nichols, 42 N. Y. 26; Abbott v. Dutton, 44 Vt. 546, 8 Am. Rep. 394); and the finding to that effect, in the finding secondly above quoted, contradicts the previous finding.

Under these circumstances we reverse and remand the cause for distinct finding on this point, on the evidence already given in the case, or on such evidence and any further evidence which may be produced to the court by the parties hereto, and then to render judgment on the findings.

The order will be entered by the clerk as follows:

"This cause having been submitted and considered by the court, it is hereby ordered that the judgment of the court below be and the same is hereby reversed, and the cause remanded, with directions to the court below, on the evidence already taken, or on such evidence and any further evidence which may be produced to it by the parties, the said court to find whether the plaintiff Baker was or was not represented on the hearing of the application for the decree sought to be set aside in this action, and thereon to proceed to render judgment."

We concur: Myrick, J.; Sharpstein, J.