Newcomb et al. *v.* Peck et al.

⤖⬤◉⬤⬅⬸

CALEB NEWCOMB AND ABIJAH BROWN *v.* GEORGE H. PECK AND CHESTER W. POMROY.

A judgment rendered against a defendant, omitting his christian name, cannot be considered as void; but an action may be maintained against him on such judgment, averring his identity.

The plea of *nil debet*, to an action of debt upon a judgment rendered by a court of record in another state, is bad upon general demurrer.

No plea is, in such action, admissible, which contradicts the record ;—but the defendant's only remedy is to apply to the court, where the judgment was rendered, to vacate the judgment.

Therefore, where the record set forth that the defendant appeared in the original suit, in which the judgment was rendered, it was held that he was estopped by the record, in an action founded upon it in this state, from pleading that he did not appear in that suit, or that an appearance, which was in fact entered for him, was unauthorised by him and without his knowledge.

And, the record having been set forth by the defendant upon *oyer*, the plaintiff was allowed to take advantage of this estoppel upon general demurrer to the defendant's pleas.

In *Pierson* v. *Mudget*, Addison Co., 1831, it was determined that a judgment rendered in another state, against a citizen of this state, who was not within the jurisdiction of the court rendering the judgment, and who had no notice of the suit, and did not appear, could not be enforced in this state by an action of debt upon the judgment. WILLIAMS, CH. J.

DEBT upon a judgment recovered in the court of common pleas for the county of Worcester, in the State of Massachusetts. The

declaration alleged that the judgment was recovered against the defendants by the name of George H. Peck and ——— Pomroy, describing them as partners, &c. The defendants pleaded,— 1st, *Nul tiel record*,—2d, *Nil debet*,—3d, That, at the time the judgment declared on was recovered against them, they were inhabitants of the State of Vermont, and had no notice of the pendency of that action, and never appeared therein, and never authorized any one to appear for them,—4th, They craved *oyer* of the record in said action, and set forth the same, and pleaded, that the said action was commenced against them at the September Term of the court of common pleas for said county of Worcester, 1837, without giving either of them notice thereof,—that for want of such notice the action was continued to the December Term of said court, 1837, at which term one Brigham, without authority from them, or either of them, entered an appearance for them,—and that thereupon the clerk made up his record that they then appeared, although, as they alleged, they did not appear, and had no knowledge of the pendency of the action,—and 5th, That the said court of common pleas, at the time of the rendition of the said judgment, had no jurisdiction over the persons of these defendants.

The record of the judgment, as set forth upon *oyer*, described the defendants in that action as "George H. Peck and ——— Pomroy, of Brattleboro in the county of Windham and State of Vermont, copartners jointly negotiating under the style and firm of Peck & Pomroy," and set forth, that, at the December Term of said court, 1837, at which term said action was pending in said court, "the defendants appeared," and then said action was continued to the next term of said court, at which term judgment was rendered against the defendants by default.

The plaintiffs traversed the defendants' plea of *nul tiel record* and demurred to the remaining pleas.

The county court found the issue on the first plea in favor of the plaintiffs, and adjudged the four remaining pleas insufficient, and rendered judgment in favor of the plaintiffs. Exceptions by defendants.

*Keyes and Tyler* for defendants.

1.   The copy of record produced was not admissible, because it shows no judgment against *Chester W.* Pomroy.   This is a defect in the record itself, such that no action can be sustained upon it, and may be taken advantage of under *nul tiel record.*   Com. Dig., Record C, p. 394.  Ib. Pleader 2. W 13, p. 245.   1 Chit. Pl. 286.

2.   The declaration is bad on demurrer, for want of a distinct and issuable averment of the identity of *Chester W.* Pomroy with the person against whom judgment was rendered by the name of ———— Pomroy.   2 Chit. Pl. 483.

3.   The 4th plea sets forth the record on oyer, and avers facts showing a want of jurisdiction in the court,—contradicting the record in so far as it states that the "defendants appeared."  In actions on judgments of sister states want of jurisdiction can always be shown, notwithstanding the record states an appearance by attorney, or generally.  *Bissel* v. *Briggs,* 9 Mass. 463.  *Hall* v. *Williams et al.,* 6 Pick. 233.   3 Cow. Phil. 800—908, 909.  *Aldrich* v. *Kinney,* 4 Conn. 380, cited in Day's Dig. 238.  *Smith* v. *Rhoades,* 1 Day 168, [Day's Dig. 238.]  *Denison* v. *Hyde,* 6 Conn. 508, [Day's Dig. 200.]  *Starbuck* v. *Murray,* 5 Wend. 148. *Holbrook* v. *Murray,* 5 Wend. 161.  *Shumway* v. *Stillman,* 6 Wend. 447.  *S. C.,* 4 Cow. 292.  *Bradshaw* v. *Heath,* 13 Wend. 408. *Thurber* v. *Blackbourne,* 1 N. H. Rep. 242.  *Starkweather* v. *Loomis,* 2 Vt. 573.  *Fullerton* v. *Horton,* 11 Vt. 425.  The cases that seem to contradict this principle will be found to be generally reconcilable with it; for in them the record states, or it appears by admissions, or otherwise, that the defendants did something more than merely *appear ;*—they actually pleaded to the merits, or did something in *defence* of the action.

4.   However the court decide on the fourth plea, judgment must go for the defendants on the third plea; for that plea clearly avers the want of jurisdiction in the court, and the demurrer admits the fact. If the plaintiffs relied on the record, they should have replied it by way of estoppel.   All the cases agree in this.

5.   Want of jurisdiction may be shown under the plea of *nil debet. Bissel* v. *Briggs,* 9 Mass. 463.  *Hall* v. *Williams,* 6 Pick. 233.

Newcomb et al. *v.* Peck et al.

*Thurber* v. *Blackbourne,* 1 N. H. Rep. 242. *Hoxie* v. *Wright,* 2 Vt. 263. *McRae* v. *Mattoon,* 13 Pick. 53.

6. The 5th plea is good, on the general principle that *facts,* not the *evidence of facts,* are to be stated in pleading. 1 Chit. Pl. 572.

*Bradley* and *Walker* for plaintiffs.

1. As to the plea of *nul tiel record;*—the record is precisely as described in the declaration, and the issue is proved. The omission of the given name of one of the parties to the original writ could only have been taken advantage of by a plea in abatement. *Mann* v. *Carley,* 4 Cow. 198. *Waterbury* v. *Mather,* 16 Wend. 611, 613. Kinne's Law Comp., Misnomer, p. 18. *Stafford* v. *Bolton,* 1 B. & P. 40. *Meredith* v. *Hodges,* 5 B. & P. 453. 1 Chit. Pl. 440. If a party appear by the name in which he is sued, he is estopped from afterwards denying it. 1 Chit. Pl. 454. *Meredith* v. *Hodges,* 5 B. & P. 453. In this case the defendants *did appear,* as the record shows.

*As to the* 2d *plea,—nil debet;*—it has been repeatedly decided, by the highest authority, that *nil debet* is not a good plea to a declaration upon a judgment from another state. This is, *here,* no longer an open question. *Mills* v. *Duryee,* 7 Cranch 481. *Hampton* v. *McConnell,* 3 Wheat. 234. *Boston I. R. Factory* v. *Hoyt,* 14 Vt. 92.

To the 3d, 4th and 5th pleas we demur, because we say that the defendants are estopped from setting up the matter contained therein *by the record,* which shows that the defendants appeared; which record is conclusive upon them in this action, and which they cannot gainsay. We demur to these pleas, rather than reply the estoppel, because, when the matter which operates as an estoppel is spread upon the record, or the anterior pleadings, the party relying upon it may, and should, demur. 1 Chit. Pl. 575, 603. 3 Ib. 1143. Com. Dig., Estoppel A *i.* 1 Saund. R. 326, n. 4. Str. 817. Ld. Raym. 1550.

It has been repeatedly decided by the highest judicial tribunal in the union, that, by the constitution of the United States and the Acts of Congress, the record of a court of another state, properly authenticated, is entitled to the same credit, and its judgment has the same

39

validity and effect, in every other state, that it has in the state. where
it was rendered. *Mills* v. *Duryee*, 7 Cranch. 481. *Hampton* v.
*McConnell*, 3 Wheat. 234. *Mayhew* v. *Thatcher*, 6 Wheat. 129.
2 Dallas . 303. . Story's Pl. 296. These decisions have been fol-
lowed in our own state. *Hoxie* v. *Wright*, 2 Vt. 263. *St. Albans*
v. *Bush;* 4 Vt. 58. *Boston I. R. Factory* v. *Hoyt*, 14 Vt. 92.
Therefore, whatever effect and virtue this judgment is entitled to in
Massachusetts, it is entitled to here. In Massachusetts a judgment
is *conclusive* evidence of the existence and justice of the debt, and
cannot be impeached, or avoided, by a party to it, either collater-
ally, or on account of error and fraud ; but it is valid, until regularly
reversed, or set aside, unless it appears, *from the record itself,* that
the court have no jurisdiction. *Hall* v. *Williams*, 6 Pick. 232,
239, 244. *Cook* v. *Darling*, 18 Pick. 393. 1 Phil. Ev. 317. *Bos-
ton I. R. Factory* v. *Hoyt*, 14 Vt. 92.

Before the decisions in the cases of *Mills* v. *Duryee* and *Hampton*
v. *McConnell* several of the state courts had treated judgments of
other states as foreign judgments, *except merely as to the mode of
proof.* *Bartlet* v. *Knight*, 1 Mass. 410. *Hitchcock* v. *Fitch et
al.*, 1 Caine 480. *Kilborn* v. *Woodworth*, 5 Johns. 37. *Robinson* v.
*Ex'r of Ward*, 8 Johns. 86. *Pawling* v. *Bird's Ex'rs*, 13 Johns.
205. In this state the doctrine was never adopted. *St. Albans* v.
*Bush*, 4 Vt. 58. The courts, that have adopted this doctrine, have
manifested great reluctance in bowing to those decisions of the
United States' Supreme Court, and, especially in New York, have
received them with great qualification,—insisting that the want of
jurisdiction, of the court rendering the judgment, over the cause, or
person, might be shown; and in one case, and *only one*, it has been
decided that this might be shown *against the record*. *Starbuck* v.
*Murray*, 5 Wend. 148. In most of the cases, where it has been de-
cided that this want of jurisdiction might be shown, it has appeared
from the record itself, or else it might be shown *without directly con-
tradicting the record*. *Thurber* v. *Blackbourne*, 1 N. H. Rep. 246.
*Borden* v. *Fitch*, 15 Johns. 121. *Aldrich* v. *Kinney*, 4 Conn. 380.
Now it may not be impeaching the " faith and credit," to which
such judgments are entitled, to show want of jurisdiction, when the
record does not expressly set it up,—as in *Borden* v. *Fitch*,—or

where it expressly appears that there was no jurisdiction over the person,—as in *Thurber* v. *Blackbourne* and *Hall* v. *Williams*. But to allow this want of jurisdiction to be proved *against an express averment of the record* would plainly be denying to that record that "full faith and credit" guaranteed to it by the constitution and the laws, which, in the language of Ch. J. Parsons, "provide that it cannot be contradicted, or the truth of it denied."

In the case of *Aldrich* v. *Kinney*, 4 Conn. 480, the record states that *the defendant appeared* by *attorney*, and the court allowed the defendant to prove that the appearance was unauthorized. But in this state it has been expressly decided, that, in such a case, the authority of the attorney cannot be questioned, and that the appearance by attorney is conclusive upon the party. *Coit et al.* v. *Sheldon*, 1 Tyler 304. *Hoxie* v. *Wright*, 2 Vt. 263. *St. Albans* v. *Bush*, 4 Vt. 58. The same point was decided in the same way in *Field* v. *Gibbs*, 1 Peters C. C. Rep. 155. And if the authority of the attorney may not be enquired into, when the record states an appearance by attorney, the appearance of the party may not be enquired into, when the record states that appearance in person.

We say, then, that, when the want of jurisdiction over cause, or person, *does not appear from the record*, or may not be shown without contradicting the record, the record of judgment of one state *is*, when that judgment is sued in another state, *an absolute and indisputable verity*, and the only question is as to its existence.

The opinion of the court was delivered by

WILLIAMS, CH. J. In this case, on the plea of *nul tiel record*, an objection is made to a recovery by the plaintiff, because, in the record of the judgment, the christian name of Pomroy is omitted. It is to be observed that the record is precisely as stated in the declaration. The judgment rendered in the court in Massachusetts cannot be considered as void, on account of that omission. When a man makes a contract in one name, not his true one, the contract may be declared on in a suit against him in his true name, averring the identity; and so, also, when a judgment is rendered against a man in one name, he may be sued by his right name, with a similar averment.

With respect to the other pleas, the court are not disposed to make an elaborate investigation of the various decisions, which have been made on the subject of foreign judgments, or of judgments rendered in the different states of the Union. It is sufficient for us to say, that all the questions, which arise in this case, have been decided in the courts of this state, and are reported as authorities. We are not inclined to take the lead in setting forth any new views upon this subject. Whether the Constitution of the United States, and the Acts of Congress thereon, which certainly do elevate the judgments of the different states of the Union, when sued in another state, above foreign judgments, do not, in every particular, except as to the remedy for enforcing them give to them the same and all the effects of a domestic judgment, which a court of the State, where the judgment was rendered, acting under the laws of the state, would give, is certainly a question deserving of great consideration.

Before the cases of *Mills* v. *Duryee,* 7 Cranch 481, and *Hampton* v. *McConnel,* 3 Wheat. 234, decided the effect of a judgment rendered in the state courts, the facility with which such judgments were obtained, behind the back of the defendant, had induced the courts not to treat them very favorably. The same difficulty has occurred in England, with respect to their colonial and Irish judgments. There has been a consequent disposition to limit and explain away the decisions in those cases, and to make them appear as not controverting the decisions which had been previously made in the state courts. In most, if not all the states, it has been considered, that, by a proper plea, it may be put in issue that the court rendering the judgment had not jurisdiction of the parties, and that process was not served on them. We, in this State, have followed in the wake of their decisions; and, in the case of *Pierson* v. *Mudget,* in Addison County, January 1831, it was determined that a judgment rendered in another State, against a citizen of this State, who was not within the jurisdiction of the court rendering the judgment, and had no notice of the suit, and did not appear, could not be enforced in this State by action of debt on the judgment;—thus considering them in the same light that an Irish judgment (which is no record in England, *Harris* v. *Saunders,* 10 E. C. L. 373) was considered in the case of *Ferguson* v. *Mahon,* 39 E. C. L. 38.

But when the defendant was served with process within the State, where the judgment was rendered, or appeared and submitted to the jurisdiction, the judgment has been held conclusive. *Hoxie* v. *Wright*, 2 Vt. 263. *Bellows et al.* v. *Ingham*, Ib. 575. *Blodget* v. *Jordan*, 6 Vt. 580. That such judgment is to be considered a debt of record, on which the appropriate remedy is by action of debt on the record, and to which the only general issue is *nul tiel record*, was decided, in the case of *Boston India Rubber Factory* v. *Hoit*, 14 Vt. 92.

Give, then, to the judgment, on which the present action is founded, the effect of a record, and it is very clear that the defendant can interpose no plea, which denies the record. The record does not derive its efficacy from the fact of notice to the parties; but it is valid and effectual, in consequence of its being the judgment of a court of record. The question, then, will arise, whether the defendants, in this case, can deny the fact, which appears by the record, to wit, that both of the defendants appeared in the suit in Massachusetts. It appears to us that the averments in the pleas of the defendants do expressly contradict the record, and that the defendants' only remedy, if the facts are as they have stated them to be, is to apply to the court where the judgment was rendered to vacate the judgment.

In the case of *Malony* v. *Gibbons*, 2 Campb. 502, in an action on a colonial judgment, where the appearance of the defendant was stated, in the record produced, to have been by attorney, Lord Ellenborough said, that, though he would look to these foreign judgments with great jealousy, yet he would give them credit for the facts which they specifically alleged, and would presume that the court, in that case, saw that the person who appeared was properly constituted attorney for the defendant; and, in the case of *Becquet* v. *MacCarthy*, 22 E. C. L. 220, the court held, that, where the law of a colony provided that notice of a process might be given to the king's attorney general, in the case of an absent party, but did not expressly provide that he should give notice to the party, upon the presumption that he would do whatever was necessary, the judgment rendered there was not void. Assuredly, if the record of a foreign judgment is to be considered as *prima facie* evidence of no-

tice to the party, the record of a domestic judgment should be held conclusive in a similar case, inasmuch as a record is of absolute verity, and concludes every thing appearing thereon.

The very point in controversy in this part of the case was decided by Judge Washington, in the case of *Field* v. *Gibbs*, 1 Pet. C. C. Rep. 155, that where, by the record, it appears that the party appeared and pleaded by attorney, he could not controvert that fact, in an action of debt on judgment in another state. In the case of *St. Albans* v. *Bush*, 4 Vt. 58, it was decided that the appearance of the party by attorney, appearing from the record, was not to be controverted. And, indeed, notwithstanding some decisions to the contrary, in some of the states, we do not see how this fact, appearing in the record, can be denied and traversed, without setting aside the record altogether; and, from the decisions made in this state, and referred to, we do not consider it now an open question.

With respect, therefore, to the plea of *nil debet* in this action, we consider it is bad, as the debt, on which the plaintiff declares, is a debt of record; and as to the subsequent pleas, the defendant is estopped by the record from averring the facts, therein set forth.

The judgment is therefore affirmed.