## GEO. F. BRADFORD v. GEO. F. ROGERS ET AL.

### (January 16, 1880.)

JUDGMENT — EVIDENCE. — A judgment is not void because it fails to give the christian name of the defendants. Parol evidence is admissible to identify the parties to such a judgment.

ERROR from Victoria county. Opinion by QUINAN, J.

STATEMENT.— This is an action of trespass to try title instituted by the plaintiff against the defendants for the recovery of certain lands in Victoria county. The petition is in the common form of trespass to try title. The defendants pleaded not guilty, and among other things set up the nullity of the title under which they alleged plaintiff claimed. Upon the trial the plaintiff proved title to the land in controversy in Geo. F. Rogers and Andrew Oliver, under whom defendants also claimed.

Plaintiff then offered in evidence a judgment of the district court of Victoria county, rendered therein in the suit No. 837, in favor of Longstreet, Bradford & Co., plaintiffs, against Rogers and Oliver, defendants, and executions is-

sued thereon levied upon the lands in controversy, and the sheriff's return thereon, and deeds to himself, as purchaser of part of the land, and to H. E. Bradford, and from him to Longstreet, Bradford & Co., of the other interest in the land. Plaintiff also offered in evidence: 1. The petition in the suit, No. 837. 2. The certified copy of the citation issued thereon (proving the loss of the original). 3. The note upon which the petition declares, made by Rogers and Oliver to Longstreet, Bradford & Co.

In the margin of this note are the names "Cornelius T. Longstreet, George P. Bradford, James F. Gilbert, Geo. H. Wells."

Cunningham testified that he, as sheriff, served the copy of citation; thought his return on the original was in the usual form; that his impression was, a month before, that the returns on the original showed the christian name of Rogers and Oliver, but could not now state positively; that the christian name of Rogers was George F., and of Oliver, Andrew, whom he had known for fifteen to thirty years. Callender testified he was the clerk who issued the citation, and had no doubt he issued one original citation, and two copies of it and of the petition; that he had seen the return; that it was by "delivering" to Rogers and Oliver; he acted on it and entered the judgment by default. Peticolas testified for defendants that he knows the return was just as the citation is, "Rogers and Oliver;" that it did not show the given name or initials of either Rogers or of Oliver.

In the papers of the suit No. 837, and the judgment and executions, returns and deeds, there is no other name for the plaintiffs given than Longstreet, Bradford & Co., and no other name for the defendants therein than Rogers and Oliver. Neither the plaintiffs nor the defendants therein are styled partners. To the introduction of the judgment and the proceedings under it, and the testimony of the witnesses, Cunningham and Callender, the defendants objected, but the testimony was admitted. And then the defendants

moved the court to exclude it from the jury, on the ground that the judgment and all proceedings under it were void, for the reason that no names of parties appeared in the judgment, or in the petition, or in the citation. The court sustained the motion and charged the jury that the plaintiff had shown no title; that they must find for the defendants; which they accordingly did.

The plaintiff moved for a new trial, which was overruled, and the case is brought here by writ of error. The assignments of error cover two propositions: 1. Was the judgment a nullity in the case No. 837? 2. Was parol testimony admissible to identify the parties to the suit?

OPINION.— Upon the first proposition the question presented is not whether the judgment in favor of Longstreet, Bradford & Co. against Rogers and Oliver, if it were before us upon appeal or writ of error, could be sustained. Authorities are not wanting that the omission of the names of parties, or of a fuller description of them, would, if the objection was properly made, prove fatal to it. But a judgment may be erroneous without being void. Thouvenin *v.* Rodriguez, 24 Tex., 479. The question here is, whether the judgment in this collateral action can be held void upon its face for want of jurisdiction or for uncertainty.

1. That the court had jurisdiction of the persons, Rogers and Oliver, is conclusively proven by the judgment itself. It recites that the *defendants* were duly cited, and this declaration cannot be contradicted by plea or proof. The fact of jurisdiction appearing on the record, it cannot be contradicted. Freeman on Judgments, sec. 131. Thus, though the return upon a summons against A. B. certifies a service of such summons on C. D., and the judgment states that A. B. has been summoned, . . . the judgment will be impregnable to any collateral assault. Quivey *v.* Baker, 37 Cal., 465. And even where the record is silent upon the subject of notice, the judgment of a court of general jurisdiction will support itself, and can-

not be collaterally impeached or called in question because of any alleged want of jurisdiction over the parties to the decree. Lawler *v.* White, 27 Tex., 253. In Guilford *v.* Love, 49 Tex., 715, Roberts, C. J., quoting from 35 Cal., says: "It is of no consequence whether the jurisdiction of the court appears affirmatively or not on the judgment roll, for if it does not it will be conclusively presumed."

2. Is the judgment void because rendered in favor of Longstreet, Bradford & Co. against Rogers and Oliver? In reply to this question the authorities are numerous. In Pate *v.* Bacon, 5 Munf., 219; Tottey *v.* Donald, 4 Munf., 430; Barnet *v.* Watson, 1 Wash., 372; Porter *v.* Cresson, 10 Serg. & Rawle, 457, it is held that a declaration by the firm name, without mentioning the names of the partners, is good after verdict. And these are none the less persuasive as authority because the parties appeared and pleaded without objecting to the want of the names. In McNance *v.* Huffman, judgment in favor of partners, by their partnership name, was held good. 3 Harring., 425. In Lutz & Co. *v.* Buffum, 14 Penn. St., 69, it was held that if a partnership is sued in the firm name, without naming its members, the defect is cured by verdict; and if a suit is in the firm name, the court will presume it, after verdict, to be the name of real persons. In Hyde *v.* Clapp, 43 Tex., 546, the judgment was in favor of Clapp & Co. Moore, J., says: "If any question could be made as to the manner in which the plaintiffs are described in the judgment, . . . it could only be by a direct proceeding to this end, and not in a collateral action. It clearly appeared from the evidence, to which exceptions were taken, that there was a judgment to support the execution under which the land was sold. This being the case, it was certainly admissible, as tending to establish the title of the purchaser under the execution, while the judgment stood in force, though it appeared on its face to be erroneous and voidable."

In Hays *v.* Yarbrough, 21 Tex., 488, where the petition

gave the names of the parties in full, but the judgment was rendered in favor of Yarbrough and Ferguson, without giving their christian names, held, there was no error, and it was affirmed with damages. This was upon appeal. In Smith v. Chenault, 48 Tex., 455, judgment was rendered in favor of A. T. Chenault & Co., plaintiffs, v. Smith & Young. Moore, J., says: "The judgment is believed to be in conformity with the usage and practice of many of our courts in similar cases. The alleged defect is believed, at most, to be a mere irregularity, not of a character to avoid the judgment or afford ground of complaint in a collateral proceeding." In Shackelford v. Fountain, 1 Monroe, 252, it was held that a judgment in favor of J. T.'s heirs, without naming them, was not void. In Newcomb v. Peck, 17 Vt., 302, it was decided that a judgment against a defendant, omitting his christian name, was not void, and that an action might be maintained thereon by averring the identity of the defendant. In Root v. Fellows, 6 Cush., 29, the judgment was entered against William B. Fellows and ——— Day. In an action of debt upon it, Day's counsel objected to the admission of parol evidence to prove that Newberry Day was the Day named in the judgment. The court say: "The omission of Day's christian name, in the writ on which the judgment was reversed, was a matter which might have been pleaded in abatement, but he suffered judgment to go against him. . . . An execution on that judgment by the same defective name would have been valid and might have been legally enforced. In this suit on the judgment, if the writ had omitted his christian name he might have pleaded in abatement. It was therefore proper for the plaintiffs to insert his full name and aver, as they have done, that they recovered judgment against him by the name of Day. So are the precedents. 1 Mass., 76; 2 Ch. Pl., 484. How, then, are the plaintiffs to prove this allegation in their writ unless by parol evidence? The counsel for Day has not informed us and we do not know.

These cases are sufficient to establish the proposition that this judgment is not void because it fails to give the christian name of the defendants. It is not the less a judgment against Oliver and against Rogers, because the given name of either may have been unknown or because he may have had none. The reason for requiring the full name of the parties to be given is that, ordinarily, identity of names is sufficient proof of identity of persons. But it is not always so. In many portions of the country a judgment against John Smith, or George Washington, would convey less intimation of the man meant by it than would a judgment against Mr. Rogers or against Mr. Oliver. And we can well conceive that the Rogers, of Rogers & Oliver, or the Oliver, of Rogers & Oliver, might be a more definite description of either individual and serve better to identify them than the names of George and William.

3. Was parol evidence admissible to identify the parties to the suit? Upon this point the case cited, of Root v. Fellows, is authority. In Wharton on Evidence, 986, it is said: " Like all other instruments, a record, when silent or ambiguous, may be explained by parol. Thus, where the record gives the name of the party ambiguously, the ambiguity may be cleared and the party identified by parol extrinsic proof." See, also, Garwood v. Garwood, 29 Cal., 514; Thompson v. Marrow, 1 Cal., 428; Newcomb v. Peck, 17 Vt., 302; Lafayette Ins. Co. v. French, 18 Howard, 409. The parol testimony in this case could not have been received to amend or correct the judgment or supply any omissions requisite to its validity. If, upon its face, it was void, it could not have been validated by parol proof. If it were not void, as we have shown, it needed, and could derive, no support from extrinsic evidence; but it was perfectly competent for the parties claiming under it to prove, by any evidence the proceedings in the case afforded, or any testimony outside of it, the identity of the parties against whom it was rendered.

Our conclusion is that the judgment of Longstreet, Bradford & Co. against Rogers & Oliver was not a void judgment; that the testimony was properly admissible to identify the parties to it, and that the court erred in excluding it from the jury. Because of these errors we decide that the case be reversed and remanded.