# ROBERT CLARKSON ET AL.

## v.

# THE ERIE AND NORTH SHORE DISPATCH ET AL.

1. SERVICE OF PROCESS UPON A CORPORATION.—Service was had upon the agent of the defendant corporation, and it appeared and demurred to the declaration. For the purposes of the bill in this suit, this will be considered as a valid service, so that the judgment obtained against the company cannot be impeached collaterally.

2. CORPORATION—ESTOPPEL.—Where an association holds itself out to the public as operating in a particular line of business, under a name that imports a corporation, as to all persons with whom it contracts, it is estopped from denying its corporate existence.

3. DISSOLUTION OF CORPORATION—FUND FOR PAYMENT OF CREDITORS. —A corporation holds its property in trust, first, to pay its creditors, and if such corporation should dissolve and divide its property among its shareholders without first paying its debts, equity would enforce the claims of its creditors by converting all persons, except *bona fide* purchasers to whom the property has gone, into trustees, and compel them to contribute to the payment of the debts of the corporation to the extent of the property received.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding. Opinion filed April 27, 1880

Messrs. DENT & BLACK, for appellants; that that the corporation are estopped, cited Callender v. Painesville, etc. R. R. Co. 11 Ohio St. 516; Carey v. Cincinnati, etc. R. R. Co. 5 Clarke, 35; U. S. Ex. Co. v. Bedbury, 34 Ill. 459; Hill v. Beach, 1 Beasley (N. J.) 31; Boggs v. Olcott, 40 Ill. 303; Wells v. Gates, 18 Barb. S. C. 554.

It was not necessary to allege that the association was a corporate body: Dodge v. Minn. Roofing Co. 14 Minn. 49; Hart v. Balt. etc. R. R. Co. 6 W. Va. 336.

The railway companies acquiring the property and earnings of the transportation company are considered as trustees for the creditors of the latter corporation: Penfield v. Skinner, 11 Vt. 296; Cutter v. Est. of Thomas, 25 Vt. 73; Babb v. Reed, 5 Rawle, 151.

Failing to plead a misnomer and allowing judgment to pass

against them, they are bound by it: Guinard v. Heysinger, 15 Ill. 288; Hammond v. The People, 32 Ill. 446; Bank of Kentucky v. Adams Ex. Co. 3 Otto, 174.

Mr. Henry A. Gardner, for appellees.

McAllister, J.   The plaintiffs had, at the city of Milwaukee, Wisconsin, 250 boxes of hams which they were about to ship to Glasgow, Scotland.   There was at that time and had been for a long time prior, an association which had a regular office and agent at Milwaukee, as well as other commercial points, and held itself out to the public as common carriers of goods for hire, under and by the name of the Erie & North Shore Line, and between Milwaukee and Glasgow aforesaid. The plaintiffs, by these representations, were induced, March 27, 1875, to deliver their boxes of hams to be carried from Milwaukee to Glasgow by said Erie & North Shore Line, the latter issuing in that name a bill of lading in the usual form to plaintiffs, covering said 250 boxes of hams.   But said Erie & North Shore Line, having received into its possession as such common carrier the plaintiff's said goods to be carried as aforesaid, committed a breach of duty in respect thereto, for which plaintiffs claimed damages, and afterwards, in February, 1876, plaintiffs brought an action in the Superior Court of Cook county against said Erie & North Shore Line, as a corporation.   Service was had upon the general agent of the defendant at Chicago; and, besides, the defendant, in that name, appeared and demurred to the declaration, and such proceedings were had in said cause that, July 25, 1876, the court rendered judgment for plaintiff against said Erie & North Shore Line for the sum of two thousand dollars.   Execution having been issued on said judgment against the property of defendant, and returned *nulla bona*, the plaintiffs filed their cross-bill in equity, with the view of charging the defendant railroad corporations with a constructive trust, by reason of their having received the earnings of said Erie & North Shore Line, since the recovery of said judgment, as members of said company, sufficient to pay said judgment.   The case was heard upon

pleadings and proofs in the court below; the bill was there dismissed for want of equity, and plaintiffs appealed to this court.

The judgment against the Erie & North Shore Line is, in our opinion, to be regarded as valid for all the purposes of this bill in equity, and cannot be attacked collaterally. Newcomb v. Peck, 17 Vt. 302; Seitz & Co. v. Buffum, 14 Penn. Stat. 69; Lafayette Ins. Co. v. French, 18 How. 404; Pond v. Ennis et al. 69 Ill. 341.

Service on the agent was authorized by statute; but if defective, the defect was cured by appearance and filing demurrer.

The Erie & North Shore Line was sued in the original action at law as a corporation. Its name imports an association which might well have been incorporated. It held itself out to the public as a common carrier for hire, in that name; had offices and agents, and contracted with the plaintiffs in that name. We hold it to be a sound rule of law, resting upon the clearest principle of justice, and supported by authority, that when an association holds itself out to the public as operating in a particular line of business, under a name that argues or imports a corporation, and in that name contracts with individuals, then, as to all such persons with whom it thus contracts, it shall be estopped from denying its corporate existence. United States Express Co. v. Bedbury, 34 Ill. 459; Callender v. Painsville & Hudson R. R. Co. 11 Ohio Stat. 516; Dooley v. Cheshire Glass Co. 15 Gray, 494; Bigelow on Estoppel, 462.

If the Erie & North Shore Line, with whom plaintiffs contracted as a corporation, occupy the position of being estopped as between it and the plaintiffs from denying its corporate existence, then it must follow logically that the law will hold that company and its members subject to the general rules applicable to corporations and their members in respect to their property and assets as between the corporation, its members and the creditors of such corporation. It is the universally received rule in this country, that a corporation holds its property in trust, first, to pay its creditors; and second, to distribute *pro rata* among its stockholders, so that if a corporation should dissolve, and divide its property among its shareholders without

Clarkson v. E. & N. S. Dispatch.

first paying its debts, equity would enforce the claims of its creditors by converting all persons except *bona fide* purchasers for value, to whom its property had gone, into trustees, and compel them to account for the property and contribute to the payment of the debts of the corporation to the extent of the property so in their hands.   Perry on Trusts, Sec. 242, and cases in note 2.   Story's Eq. Jur. Sec. 1252; Hastings v. Drew et al. 76 N. Y. 9; Bartlett v. Drew, 57 N. Y. 587.

It appears from the evidence that since the contract between plaintiffs and the Erie & North Shore Line of March 27, 1875, under which the goods of the former were delivered to the latter, the latter has acquired great gains and profits, which have been distributed among the railroad companies who have been made defendants to this bill, and that these companies inaugurated and carried on the said business in the name of the Erie & North Shore Line, thus holding the latter out and enabling it to contract as a corporation with these plaintiffs, who suffered a loss through such assumed corporation. For these several promoters of this plan, to now take the gains and profits of such assumed corporation, and leave the plaintiffs remediless, because it was not in fact and in law a corporation, would be the plainest injustice, and which equity cannot tolerate.   They are estopped from denying the corporate existence of the Erie & North Shore Line, and must be held as having received, not as *bona fide* purchasers for value, but as members of a corporation, its assets, which they cannot hold as against the creditors of such corporation.   They are chargeable as trustees to the extent of the amount so received, as respects the plaintiffs, and must be required to account and pay over as in the ordinary case where shareholders of a corporation have received its assets, leaving the creditors of the corporation unprovided for.   The decree of the court below will be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.