## WM. H. REED v. FRED M. LANE.

*Infant.  Void and Voidable Acts.  Bail.  Declaration.*

1. The undertaking assumed by an infant in endorsing his name upon a writ as bail for the defendant is not void, but voidable.

2. In a suit against the bail in such case, the declaration must aver that the original writ properly and in fact was issued as a *capias*, and, there not being such averment here, the demurrer to the replication was sustained.

*Sire facias* against the defendant as bail in the suit of the plaintiff against one Henry Lane. The declaration did not aver that the writ against the said Henry was issued as a *capias*, nor that such a state of facts existed as would entitle the plaintiff in that suit to a *capias*, but did allege that the said Henry had been arrested by the Sheriff of the County and was in his custody when the defendant became his bail by endorsing his name on the writ. The defendant pleaded infancy; the plaintiff replied that after becoming of age the defendant had ratified his act, and to this replication the defendant demurred generally. The court, December Term, 1888, Taft, J., presiding, overruled the demurrer, and adjudged the replication sufficient, to which the defendant excepted. Exceptions passed to Supreme Court before final judgment.

*Batchelder & Barber*, for the defendant.

The contract of bail was void, not simply voidable. When the court can presume the contract of an infant to be to his prejudice it is void. *Green* v. *Wilding*, 44 Am. Rep. 696 ; *Safford* v. *Ferguson*, 31 Am. Rep. 639.

The declaration is insufficient. It does not allege that the plaintiff in the suit against Henry Lane was entitled to a *capias* or that the writ issued as one. If the writ was illegal the bail was not liable. *Aiken* v. *Richardson*, 15 Vt. 502 ; *Davis* v. *Dorr*, 30 Vt. 97 ; *Blood* v. *Crandall*, 28 Vt. 396.

(31)

*W. B. Sheldon*, for the plaintiff.

The contracts, acknowledgments and recognizances of an infant are not void, but voidable. Reeves Dom. Rel. 381.

The settled rule is: The only contract binding on an infant is the implied contract for necessaries. The only act which he is under legal incapacity to perform, is the appointment of an attorney, all other acts and contracts, executed or executory, are voidable or confirmable by him at his election. 1 Am. Lead. Ca., 5th Ed., 300-1, cited and approved in *Person, Admr.* v. *Chase*, 37 Vt. 648.

The opinion of the court was delivered by

ROYCE, Ch. J. The demurrer to the replication in this case raises the question whether the act of an infant in endorsing his name on a writ as bail and surety for the appearance of the defendant named therein and that he should respond to any judgment that might be obtained against him, was void or voidable as a contract.

This subject is one on which there was at one time considerable conflict among the authorities, and the rule that an infant's contracts are void or voidable according as they may be pronounced to be prejudicial or useful has been laid down and recognized by many courts and judges. But the better opinion and the tendency of the later cases seems to be that an infant's contracts are none of them, or nearly none, absolutely void. See Parsons Con. (7th Ed.) p. 335 and n. (U), where the authorities are collated; and for an admirable criticism on the vague and indefinite use of the words *void and voidable* and for a definition and classification of the several senses in which they are used, see opinion of Bell, J., in *State* v. *Richmond*, 6 Foster (N. H.) 232.

It is there said: "Contracts and proceedings are properly called voidable which are valid and effectual until they are avoided by some act," and "Voidable contracts are in general, perhaps always, * * * capable of confirmation by the party who has the right to avoid them." The distinctions here drawn

are recognized and the whole subject is learnedly discussed in *Person, Admr.* v. *Chase*, 37 Vt. 648, by the authority of which case it may be said that this court adopted the rule to which we have above adverted as being at present the prevailing one; and in *Patchen* v. *Cromack*, 13 Vt. 334, a contract of similar nature to the one here in question, the recognizance of an infant, was held not void, but voidable. We regard this authority as decisive and therefore hold that upon the question raised by the replication the demurrer is not well taken. But the demurrer reaches back through the whole series of pleadings, and we thus find a question raised as to the sufficiency of the declaration. The writ in the original action is therein described as a writ of attachment in an action on the case, and the officer's return is described as showing that the writ was served as a *capias* by arresting the body of the defendant named therein. It does not appear from the declaration here that that writ issued as a *capias* and it does not follow from the nature of the action that a *capias* could have issued.

The action might have been assumpsit, which is a form of action on the case and if so, then a *capias* could issue only upon the filing of the proper affidavit; and as this was a necessary preliminary step, the declaration should show that it had been taken. Unless it had been the writ could not issue, and the arrest would be illegal. *Aiken* v. *Richardson*, 15 Vt. 500; *Blood* v. *Crandall*, 28 Vt. 396; *Davis* v. *Dorr*, 30 Vt. 97.

And so too the declaration should aver that the original writ issued as a *capias*, if such be the fact; otherwise the officer exceeded his authority and the writ would be for that reason illegal.

In the particulars pointed out the declaration is fatally defective, and for that reason the demurrer should be sustained.

*Judgment reversed, demurrer sustained and declaration adjudged insufficient. Plaintiff asks for leave to amend, which is granted on the usual terms.*