## JOSEPH YATTER v. PITKIN AND MILLER.

GENERAL TERM, 1893.

*Scire facias.   Pleading.*

1. In *scire facias* against bail upon mesne process an allegation that the original action was for the seduction of the plaintiff's wife is a sufficient allegation that the writ in such action issued as a *capias.*

2. When the plaintiff alleges two or more substantive facts, all of which are essential to his right of recovery, the defendant may form a special issue by denying any one of these facts.

*Scire facias* against bail upon mesne process returnable to the May term of the Washington county supreme court, 1890.   Heard upon demurrer to the plea.

*Geo. W. Wing* for the plaintiff.

*Dillingham, Huse and Howland* for the defendant.

TAFT, J.   *Scire facias* against bail upon mesne process.   The case was heard upon demurrer to the plea.   The first question arises upon the declaration.   It is insisted by the defendant that there is no allegation in the declaration, that the original writ issued as a *capias,* citing the case of *Read* v. *Lane,* 61 Vt. 481.   In that case it was alleged in the declaration that the writ issued in an action on the case, and the court said that the action might have been assumpsit, which is a form of action on the case, and that in such actions a *capias* could issue only in certain cases upon filing an affidavit, and that it was necessary that the declaration should show that that step was taken, and it was held, that

for want of such an allegation the declaration was defective. In the case at bar it is alleged in the declaration that the writ upon which the defendants became recognized as bail was issued in an action on the case for the seduction of the plaintiff's wife.   The action must have been in tort and following the nature of the action, a *capias* could have issued. We think the allegation is, in substance, that the writ issued in an action of tort, and that it is sufficient.

The next question is in respect to the plea, wherein it is alleged that the execution was not returned within sixty days from the time of rendering the judgment, and the objection made under the demurrer is that the plea amounts to the general issue.   It is a general rule in pleading that a special plea amounting to the general issue is improper and inadmissible upon the ground that it tends to unnecessary prolixity in the pleadings and refers to the court, instead of the jury, matter of mere fact which goes in denial of the declaration and not in avoidance of it.   But when at least two distinct substantive facts, both of which are essential to the right of action, are alleged in the declaration, the defendant may effectually answer the declaration by a special issue, *i. e.* by directly denying some material and traversable allegation in the declaration, and this is what the pleader did by denying the return of the execution within the time required by the statute.   To constitute the plaintiff's right of action several independent substantive facts are alleged, and a denial of one of the facts, viz : the return of the execution within the prescribed time, although it did not put the whole declaration in issue is as complete an answer in law to the whole right of action as the general issue itself would have been, for, when two or more facts are necessary to constitute a right of recovery, it is self evident that a denial of any one of them is a denial of the entire right of action.

*Demurrer overruled and plea adjudged sufficient.*