THE STATE OF VERMONT *v.* JOSEPH BRADISH.

*Action.    State.    State's Attorney.*

The superintendent, appointed under the act "to provide for rebuilding the State House," approved February 27th, 1857, (see Laws of 1857 p. 171,) purchased, for and in the name of the State, certain tools to be used in such work; and while such tools were on the land of the State adjacent to the

State House, and in use upon such work under the direction of the superintendent, they were attached by the defendant as the property of their former owner. In an action of trespass *qu. cl. fr.*, and for taking these tools commenced in the name of the state solely by direction of the superintendent, and prosecuted, not by the State's Attorney, but by counsel employed by the superintendent, *held*, that the action was properly brought in the name of the state, and by proper authority, and that the defendant could not take advantage of the objection that it was not prosecuted by the State's Attorney.

When there is no statutory provision to the contrary, actions in behalf of the state, or for its benefit, are to be brought in the name of the state whenever, upon common law principles, the legal interest in the subject matter is in the state.

TRESPASS *qu. cl. fr.*, and for carrying away a quantity of tools and implements, the property of the State of Vermont.

Plea not guilty, with notice of justification of the alleged trespass.

Evidence was given in behalf of the state tending to prove title in the state to the *locus in quo*, and that thereon in the spring of 1857 the work of cutting stone for the rebuilding of the State House was commenced and carried through the years 1857, 1858, and into 1859, and that thereon was a temporary blacksmith shop, used for the purpose of repairing and making the tools that were needed about such work of stone cutting; that the cutting of a great part of the stone for the State House was let to one Heustis in May, 1857, by Thomas E. Powers, the superintendent appointed by the Governor under and in pursuance of the act of the Legislature passed at the extra session in February, 1857; (*See Acts of* 1857, *p.* 171;) that Heustis entered upon such work early in the next June, and provided himself with the necessary tools and implements and workmen; that about the middle of July, 1857, Heustis, having become convinced that he had undertaken a losing business, by an arrangement with the superintendent gave up his contract and his tools and workmen to the state; that Heustis was paid for his tools and implements agreeably to such arrangement, and that they were thenceforward used by the workmen engaged in the stone cutting, who were, after the contract was thus given up by Heustis, working under the employment and on the responsibility of the

State *v.* Bradish.

state ; that on the 26th of October, 1857, these tools and imple-ments being in said blacksmith shop, the defendant as deputy sheiiff, by virtue of a writ of attachment in favor of Levi Boutwell, against Heustis, professed to attach them, and to that intent locked up the shop and carried away the key with him.

It was conceded in behalf of the plaintiff by the counsel, and was testified to by Powers, that this suit was instituted by the sole direction of Powers, acting only in virtue of his authority as such superintendent, and that the attorneys and counsel in behalf of the state appeaied and acted as such under the sole employment of Powers as such superintendent, and that the state's attorney of Washington County was in no way connected with the suit.

The defendant's counsel made the point and claimed that the suit was brought without authority, and that there was no war-rant of law for instituting or prosecuting it, and moved the court to so rule.

The court, BARRETT, J., presiding, at the March Term, 1860, declined to entertain the motion, but decided *pro forma*, that as issue had been joined upon the plea of not guilty, with notice of justification, and as the state appeared by lawful and respon-sible attorneys of the court, the issue must be submitted to the jury upon the evidence under proper instructions as to the law of the action.

To this decision the defendant excepted.

The jury rendered a verdict for the plaintiff, after which the defendant filed a motion in arrest of judgment for the insufficiency of the declaration.

The court *pro forma* overruled this motion, to which the defendant excepted.

*Peck & Colby*, for the defendants.

*T. P. Redfield*, for the plaintiff.

PECK, J. This is an action of trespass on the freehold and for carrying away certain articles of personal property alleged

State *v.* Bradish.

to be the property of the plaintiff.   The action is brought in the name of the State of Vermont.

It is insisted by the defendant's counsel that the action is improperly brought in the name of the state of Vermont and that it cannot be sustained in that name.   It does not appear by the exceptions that any such question was raised in the trial below, but the case shows that the defendant after verdict for the plaintiff moved in arrest of judgment, which motion was overruled, to which decision the defendant excepted.   Under this exception the defendant can raise the question here whether upon the face of the declaration this action can be maintained in the name of the state of Vermont.   If it can not, there was error in overruling the motion.   The existence of the state and its capacity to maintain suits being of a public character, the court will take judicial notice whether by law it can maintain this suit in the name of the state.   It is provided in the constitution, as well as by statute, that criminal prosecutions shall be in the name of the state, but the constitution is silent as to the mode of prosecuting civil suits in behalf of the state, or suits in which the state is the real plaintiff or interested.   Hence in the absence of legal regulations to the contrary the common principle applicable to other parties must apply, that is, the suit must be in the name of the person or party, whether natural or corporate and artificial, having the legal interest.   There is no statute prohibiting the state from bringing suits in its own name, and no statute providing that all actions by the state shall be commenced and prosecuted in any other name.   There are numerous provisions in the statutes for bringing certain suits in the name of particular officers of the state, such as the state treasurer and some other officers.   In relation to actions coming within such provisions probably the statute must be followed, but beyond this no prohibition against prosecuting suits in the name of the state of Vermont can be implied.   On the contrary it is evident from the statutes on this subject that there are civil suits which may be brought, as this is, in the name of the state. Chap. 9, sec. 50, Comp. Stat. p. 84 expressly provides that in case of default of a state's attorney the auditor of accounts shall cause a suit to be brought against him  " *in the name of the*

State *v.* Bradish.

*state of Vermont."* In chapter 42 Comp. Stat., sec. 6, p. 298, entitled "Forfeiture of grants," which includes grants of land by the state, it is provided that the proceedings shall be by writ of *scire facias* "*in the name of the state."* In ch. 61, sec. 21, p. 380, entitled "The limitation of real and personal actions and rights of entry," it is provided that the limitations therein prescribed shall apply to the same actions when brought in the name of the state, or in the name of any officer, or otherwise, for the benefit of the state, in the same manner as to actions brought by citizens. There must be numerous instances where the state would have occasion to bring suits where no provision is made for bringing them in the name of any officer of the state ; and unless in such cases the state can maintain actions in its own name the legislation on this subject is very defective. It is evident both upon common law principles and upon inference from the legislation on this subject, that where there is no statutory provision to the contrary, actions by the state or for the benefit of the state are to be brought in the name of the state, in cases where, upon common law principles, the legal interest in the subject matter is in the state. This action is therefore properly brought in the name of the state unless it can be shown that there is some statute providing that it shall be brought in some other name.

It is claimed that the cause of action in this case comes within chap. 6 of the Comp. Stat. relating to the seat of government and public buildings, and that the suit should have been in the name of the state treasurer as therein provided. But assuming that the action there given *upon the statute* in favor of the state treasurer for damage done *to* the public buildings, furniture or appurtenances, takes away the common law remedy, (which it is unnecessary to decide,) it is a fatal answer to this objection that it was not raised on trial in the county court, as the motion in arrest reaches no defect or error except what is apparent on the writ or declaration, and it does not appear from the writ or declaration that the trespass was committed upon the state house, its furniture, or appurtenances or appendages, but for aught that appears it may have been upon other property situated

elsewhere and wholly distinct from any property mentioned in that act.

But on the facts disclosed on trial as shown by the exceptions the result is the same even if we could resort to the exceptions for aid in sustaining the motion. It there appears that the personal property in question, consisting mainly of tools for cutting stone for rebuilding the state house, under the act of 1857, was when taken by the defendant, in a temporary blacksmith shop on the *locus in quo*, and in the use of men in the employment of the state in the construction of the state house, under the charge and direction of Thomas E Powers as superintendent, under the appointment of the Governor in pursuance of said act. It appears that the superintendent had purchased this property for the state for that purpose. From the nature of this personal property and the use for which it was purchased and to which it was applied, in connection with the character of the agency of Powers as such superintendent, it is obvious that this property was under the control of Powers and not within the scope of the act relating to the duties of the sergeant-at-arms ; and consequently the trespass complained of does not come within the seventh section of that act, requiring the sergeant-at-arms to bring an action in the name of the state treasurer. The action, therefore, was properly instituted in the name of the state.

It is claimed by the defendant's counsel that Powers had no right to purchase this property for and in behalf of the state, but we think otherwise. But whether he had authority or not, it was a question pertaining to the plaintiff's title, and could arise only on the trial of the merits of the case, and not having been raised in the county court it can not be raised here.

The case shows that the defendant on trial before the jury moved to dismiss the action on the alleged ground that the suit was commenced and prosecuted without authority. As the case is one, as we have already seen, that does not come within the statute relating to the duties of the sergeant-at-arms, we think Powers, as such superintendent, had authority to institute the suit, and that the counsel had authority to prosecute it under

his employment and direction.  But if this were not so, it is doubtful whether the defendant has the right to raise this question, especially as Powers was the agent of the state, acting in behalf of the state, under color of authority.  The judgment in this action will be a protection to the defendant against another suit for the same cause of action, even if the counsel who presented it in behalf of the plaintiff acted without authority. *St. Albans* v. *Bush*, 4 Vt. 58.  Notwithstanding the general provision of the statute making it the duty of state's attorneys to commence and prosecute suits in which the state is interested, still in many cases such suits are directed by some other officer. When such other officer has the authority to cause such suit to be commenced he may be justified under certain emergencies in applying to some attorney, other than the state's attorney, for that purpose.  Whether he acts judiciously in doing so in a given case, or whether the circumstances of the particular case warrant him in employing counsel other than the state's attorney is a question between him and the state, and not a question the defendant can raise on trial.  Had the state's attorney come into court and claimed the right to control the suit in defiance of the authority of Powers and the counsel he employed, the court might then have been called on to pass upon the question as to which had the paramount authority, but in the absence of the assertion of any such right the question does not properly arise. The defendant can not, as a matter of right, require the court to dismiss the suit or arrest its progress, unless he can show that the suit was commenced and prosecuted by a stranger, without the authority or consent of the plaintiff, and in fraud of the plaintiff's rights, or that the defendant's rights are endangered or prejudiced beyond what they would be if the suit were prosecuted by proper authority and through the right agency.  Nothing of this kind appears in the case.  There was no ground for dismissing the action, and the motion was properly overruled.

The judgment of the county court is affirmed.